# HICKS, DISTRICT ATTORNEY OF ORANGE COUNTY, ET AL. *v.* PLEASURE HOUSE, INC., ET AL.

No. 70–127.   Decided October 12, 1971

PER CURIAM.

The appellants seek review of a temporary restraining order entered by a single district judge in a case certified for presentation to a statutory three-judge court. The order, *inter alia,* stayed a pending prosecution of the appellees under certain state obscenity laws and temporarily restrained further enforcement of the laws against the appellees. It was entered by the District Judge shortly after he had certified a request for designation of a three-judge court to hear the appellees' suit for permanent declaratory and injunctive relief. Under

1

28 U. S. C. § 2284 (3), a single district judge has power to enter such an order in a case to be heard by a three-judge court, but the order can be entered only "to prevent irreparable damage" and can "remain in force only until the hearing and determination by the full court."

The appellants argue that the order in this case contravenes principles set forth last Term in *Younger* v. *Harris,* 401 U. S. 37 (1971). They invoke this Court's jurisdiction on direct appeal from "an interlocutory or permanent injunction" in any action "required . . . to be heard and determined by a district court of three judges," under 28 U. S. C. § 1253. Since, however, § 1253 does not authorize a direct appeal to this Court from a § 2284 (3) order by a single district judge, we dismiss this appeal for want of jurisdiction.

Long ago, this Court made clear that no direct appeal lies under § 1253 to the Supreme Court from a temporary restraining order issued by a single judge, even though the order may amount to an "interlocutory injunction" and may have been issued in an action required to be heard by a three-judge court. *Stratton* v. *St. Louis S. R. Co.,* 282 U. S. 10.[1] See *Ex parte Metropolitan Water Co.,* 220 U. S. 539. This is so because § 1253 "plainly contemplates such a direct appeal only in the case of an order or decree entered by a court composed of three judges in accordance with the statutory requirement." *Stratton* v. *St. Louis S. R. Co., supra,* at 16. See *Mengelkoch* v. *Industrial Welfare Comm'n,* 393 U. S. 83; *Wilson* v. *City of Port*

---

[1] In the instant case, the single judge himself determined that the action was one required to be heard by a three-judge court and then entered his temporary restraining order; in *Stratton, supra,* on the other hand, the single judge erroneously determined that a three-judge court was not required and then entered a similar order. This distinction between the cases, however, makes no difference in principle.

*Lavaca,* 391 U. S. 352; *Schackman* v. *Arnebergh,* 387 U. S. 427; *Buchanan* v. *Rhodes,* 385 U. S. 3.

More recently, this Court has held that an appeal may lie to a court of appeals from certain actions of a single district judge in a case required to be heard by three judges. *Mengelkoch* v. *Industrial Welfare Comm'n, supra; Wilson* v. *City of Port Lavaca, supra; Schackman* v. *Arnebergh, supra; Idlewild Bon Voyage Liquor Corp.* v. *Epstein,* 370 U. S. 713. A court of appeals is not "powerless . . . to give any guidance when a single judge has erroneously invaded the province of a three-judge court." *Idlewild Bon Voyage Liquor Corp.* v. *Epstein, supra,* at 716. Thus, if a single judge oversteps his limited authority under § 2284 (3), a court of appeals may correct his error. In addition, a temporary restraining order issued pursuant to § 2284 (3) is reviewable in a court of appeals to the extent that any such order is reviewable under 28 U. S. C. §§ 1291 and 1292 (a). However, if no such appeal is taken before the three-judge court is convened,[2] application must be made to that court for vacation or modification of the temporary restraining order pending a final determination on the merits.

The appeal is dismissed for want of jurisdiction.

---

[2] The papers before the Court in this case do not make clear whether or not the three-judge court has now been convened.