**ASSOCIATED THEATRES, INC.,**
Plaintiff-Appellee,

v.

**Henry WADE, etc., et al., etc.,**
Defendants-Appellants.

No. 73–2993
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1973.

---

Henry Wade, Crim. Dist. Atty., Gerald Weatherly, Asst. Crim. Dist. Atty., Harvey Jay Ethington, John H. Hagler, Dallas, Tex., for defendants-appellants.

Mike Aranson, Tony Kaufman, Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

We hold that we have no jurisdiction to review a preliminary injunction issued by a single judge on an appeal taken subsequent to the designation of a three-judge district court to hear the case.

After requesting and receiving the appointment of a three-judge court, the District Judge, by the authority given him in 28 U.S.C.A. § 2284(3),[1] preliminarily enjoined the enforcement of a temporary restraining order issued by a Texas state court commanding Associated Theatres to "cease and desist" from showing obscene motion pictures.

Seeking a review of this preliminary injunction, the defendant state officials noticed the appeal to this Court. Such procedure would have been appropriate had it occurred *prior* to the convening of the three-judge court. The Supreme Court recently decided in Hicks v. Pleasure House, Inc., 404 U.S. 1, 92 S.Ct. 5, 30 L.Ed.2d 1 (1971) whether such an appeal should be taken to the United States Supreme Court, which has appellate jurisdiction of three-judge court decisions,[2] or to the Court of Appeals,

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Section 2284(3) of 28 U.S.C.A. reads in part
   (3) In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court.

2. Section 1253 of 28 U.S.C.A. provides
   Except as otherwise provided by law, any party may appeal to the Supreme Court

which has appellate jurisdiction from the single judge district court.[3]

In *Hicks*, the Supreme Court was asked to review a temporary restraining order entered by a single District Judge in a case certified for presentation to a three-judge court. The order stayed a pending state obscenity prosecution and temporarily restrained further enforcement of the obscenity laws. After holding that 28 U.S.C.A. § 1253 did not provide for a direct appeal to the Supreme Court from a temporary restraining order issued by a single judge and dismissing the appeal for lack of jurisdiction, the Court explored where jurisdiction did lie:

> [I]f a single judge oversteps his limited authority under § 2284(3), a court of appeals may correct his error. In addition, a temporary restraining order issued pursuant to § 2284(3) is reviewable in a court of appeals to the extent that any such order is reviewable under 28 U.S.C. §§ 1291 and 1292(a).

404 U.S. at 3, 92 S.Ct. at 7.

The Court then stated that if no appeal is taken before the convening of the three-judge court, review of the single judge action must be addressed to the three-judge court.

> However, if no such appeal is taken before the three-judge court is convened, application must be made to that court for vacation or modification of the temporary restraining order pending a final determination on the merits.

404 U.S. at 3, 92 S.Ct. at 7.

■ A three-judge court is "convened" when the Chief Judge of the Circuit designates the judges under 28 U.S.C.A. § 2284(1).[4] At that time such a court is available to review any prior or subsequent action by the single judge, pursuant to the authority of 28 U.S.C.A. § 2284(5):

> The action of a single judge shall be reviewable by the full court at any time before final hearing. . . .

The chronology of the case *sub judice*[5] reveals that the three-judge

---

from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges.

3. 28 U.S.C.A. § 1291:
   The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States except where a direct review may be had in the Supreme Court.
   28 U.S.C.A. § 1292:
   (a) The courts of appeals shall have jurisdiction of appeals from:
   (1) Interlocutory orders of the district courts of the United States, . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court . . . .

4. 28 U.S.C.A. § 2284(1):
   (1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate

two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding.

5. The chronology is as follows:
   June 20, 1973—Complaint filed in the 193d Judicial District Court of Dallas County, Texas, State of Texas v. Associated Theatres of Texas, Inc., No. 73–4528–L. A temporary restraining order was issued against Associated Theatres.
   June 26, 1973—Associated Theatres filed suit in the United States District Court for the Northern District of Texas against the District Attorney of Dallas County, several Assistant District Attorneys, and the Judge of 162d District Court of Dallas County seeking declaratory relief, a temporary restraining order, preliminary and permanent injunctions.
   July 12, 1973—Order of Chief Judge John R. Brown filed designating three-judge district court.
   July 27, 1973—United States District Judge W. M. Taylor, Jr. signed (filed August 1, 1973) preliminary injunction enjoining the defendants from enforcing the state court restraining order.
   August 1, 1973—Defendants filed notice of appeal from the preliminary injunction.

court was designated by order of Chief Judge Brown filed on July 12, 1973, some two weeks prior to the issuance of the preliminary injunction on July 27, 1973, and clearly before any appeal from that injunction. Jurisdiction to review, vacate or modify the single judge temporary injunction properly lies in the three-judge court convened to hear the case. This Court must dismiss the appeal for want of jurisdiction.

Dismissed.