**SPENCER PRESS, INC., Plaintiff-Appellant,**

v.

**Donald ALEXANDER, etc., Defendant-Appellee.**

**No. 73–1399.**

United States Court of Appeals, First Circuit.

Argued Jan. 10, 1974.

Decided Feb. 5, 1974.

Robert B. Smith, Boston, Mass., with whom Galvin, Smith & Nordlinger, Boston, Mass., were on brief, for plaintiff-appellant.

Daniel F. Ross, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen., James N. Gabriel, U. S. Atty., William Brown, Asst. U. S. Atty., Meyer Rothwacks, and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellant Spencer Press, Inc. (Spencer) brought an action against the Commissioner of Internal Revenue, seeking a preliminary injunction to prohibit the Commissioner from collecting an "addition to tax" provided by the Internal Revenue Code of 1954, 26 U.S.C. § 6651, for late filing of an income tax return. Spencer requested the district court to determine that, on the merits, no addition to tax was owed; alternatively it requested the court to order the Commissioner to issue a notice of deficiency (90 day notice) so that Spencer would have an opportunity to present the matter to the Tax Court prior to collection of the tax. 26 U.S.C. §§ 6212, 6213.

The district court, on December 7, 1973, dismissed the complaint "with leave to file a complaint with proper jurisdictional allegation, within 30 days." An amended complaint was filed on December 10, 1973, and was dismissed without hearing by the district court on December 11 "in view of the fact that this Court after a hearing on December 7, 1973 denied an application for a preliminary injunction based on the same allegations of fact . . . ."

Spencer immediately appealed and requested an injunction pending appeal. Because the Internal Revenue Service proposed to levy on Spencer's property on December 21, we issued an injunction pending appeal and restrained the collection of the tax until the appeal had been determined. The case was advanced on the docket and oral argument heard on January 10, 1974.

The appeal like the original petition actually raises two issues or groups of issues. The first pertain to whether or not under existing statutes plaintiff is entitled to a pre-levy judicial determination of its liability for the additional tax. We conclude, as did apparently the district court, that he is not. The second pertain to whether, under expanded concepts of due process, *see* Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972), a statutory scheme which authorizes or directs seizure of plaintiff's property without affording any opportunity for a prior hearing is constitutional. As to this issue, neither a single-judge district court nor ourselves have jurisdiction. 28 U.S.C. § 2282. We accordingly affirm the order of the district court insofar as it was based upon its interpretation of the statutes of the United States, *cf.* Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), but remand to the district court with instructions to request the convening of a three-judge district court should the plaintiff within ten days file an amended complaint requesting such a court and framing appropriate constitutional issues.

According to Spencer's complaint its difficulties began when, in 1963, it hired a former officer of the Internal Revenue Service to act as its tax accountant, and turned over to him the task of preparing and filing tax returns. Although everything was apparently being handled in due course, Spencer says it was rudely

surprised when the Internal Revenue Service informed it that no returns had been filed for the tax years 1967 through 1970. Spencer asserts that it promptly hired a new accountant, reconstructed its records, and filed returns for those years, paying in full all of the tax and interest due. The IRS is apparently satisfied that the taxes have been paid in full.

The IRS has claimed the statutory penalty for late filing of returns. Spencer resisted the claimed "addition to tax", believing that case law supported its position that a taxpayer acting in good faith and with reasonable care is not liable for an addition to tax when defrauded by its accountant. *See, e. g.,* Fisk v. CIR, 203 F.2d 358 (6th Cir. 1953); Giesen v. United States, 369 F.Supp. 33 (W.D.Wis.1973). Spencer wrote the IRS to request a waiver of the addition to tax, but the Service announced its intention to levy on Spencer's property unless Spencer paid the tax allegedly due.

Spencer then filed the instant suit, requesting that the Commissioner be enjoined from collecting the tax until Spencer has had an opportunity for hearing on its claims that it should be excused. The complaint further contends, perhaps anticipating the Commissioner's defense, that any actions taken to collect the tax without such a hearing would be in violation of due process. *See* Fuentes v. Shevin, *supra.*

█ The Commissioner responded by drawing attention to 26 U.S.C. § 7421, which precludes district courts from enjoining the collection of a "tax".[1] He then argued that, although there is an exception to § 7421 for cases in which the IRS was required to, but did not, issue a 90 day notice, no such notice was required. The Commissioner relied upon § 6659, which provides that additions to tax such as the one in this case are not the "deficiencies" for which a 90 day notice is required.[2] We agree with the Commissioner's interpretation. Appellant's reliance upon cases decided prior to the change in § 6659 effected in 1960 by P.L. 86–470, 74 Stat. 132, is entirely misplaced.[3]

█ What is left therefore is the question of the constitutionality of §§ 6659, 6213, 6212, and 7421 to the extent that they, together or singly, operate to deprive a taxpayer of an opportunity to contest, prior to payment, a penalty assertedly due to the government. However, 28 U.S.C. § 2282 provides that an injunction "restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution . . . shall not be granted . . . unless the application therefor is heard and determined by a district court of three judges . . ." We do not fault the district court for not initially recognizing that the complaint raised issues requiring three-judge resolution. Appellant did not ask for such a court, and while it raised in general terms its *Fuentes* due process claim, it did not apparently recognize that the

1. The constitutionality or applicability of § 7421 in another context is now before the Supreme Court. Walters v. "Americans United", Inc., 155 U.S.App.D.C. 284, 477 F. 2d 1169, cert. granted 412 U.S. 927, 93 S.Ct. 2752, 37 L.Ed.2d 154 (1973); Bob Jones University v. Connally, 472 F.2d 903 (4th Cir.), cert. granted, 414 U.S. 817, 94 S.Ct. 116, 38 L.Ed.2d 49 (Oct. 9, 1973). *Cf.* Commonwealth Development Ass'n v. United States, 365 F.Supp. 792 (M.D.Pa.1973).

2. The legislative history of § 6659 precludes any interpretation of it that would provide a 90 day notice. The section "provides a general rule that the additions to tax for the late filing of income . . . tax returns . . . are to be assessed and collected without the issuance of a 90 day letter." S.Rep. No.86–1098, 86th Cong., 2d Sess. (1960), 1960 U.S.Code Cong. & Admin.News 2025.

3. Cases such as Grandquist v. Hackleman, 264 F.2d 9 (9th Cir. 1959) and Strawberry Hill Press, Inc. v. Scanlon, 273 F.2d 306 (2d Cir. 1959), were expressly mentioned in the Senate committee report and apparently were the impetus for the statutory revision. 1960 U.S.Code Cong. & Admin.News 2025–26.

government was bound by law to act as it has. It is not up to the courts to analyze a plaintiff's case and guide him into the correct courtroom. *Cf.* Aaron v. Cooper, 261 F.2d 97, 105 (8th Cir. 1958). However, it is now apparent that if appellant is to secure a determination of its constitutional claim, a three-judge court is required. Although Spencer did not seek to enjoin a specific section of the Code, its claim inevitably involved a request that an injunction issue directing an officer of the United States to ignore an Act of Congress on the grounds of its unconstitutionality. *Cf.* cases cited and discussed in Currie, The Three-Judge District Court in Constitutional Litigation, 32 U.Chi.L.Rev. 1, 37–50 (1964).

In extraordinary circumstances we might have jurisdiction to continue our injunction in effect until organization of the three-judge court, *cf.* Hicks v. Pleasure House, Inc., 404 U.S. 1, 92 S.Ct. 5, 30 L.Ed.2d 1 (1971). While we are not inclined to do so here, we rely upon the government's good faith not to take further action to collect the additional tax until sufficient time has elapsed for plaintiff, acting with dispatch, to file an amended complaint, request a three-judge court, and make a timely request to that court for such temporary or preliminary relief as the court may be able or willing to give. The case is remanded to the same district judge.

Since appellant must bear the heaviest responsibility for the time that has been wasted going in the wrong direction, we award costs of this appeal to the government.

Judgment vacated. Remanded to the district court with instructions to call for convening of a three-judge court should the plaintiff within ten days file an amended complaint requesting such a court and raising appropriately framed issues, the action otherwise to be dismissed with prejudice. Costs to appellee.