**Merl BLAY et al., Petitioners-Appellants,**

v.

**Hon. Donald (Sic) J. YOUNG, Judge U. S. District Court for the Northern District of Ohio, Western Division, Respondent-Appellee.**

No. 74–1919.

United States Court of Appeals, Sixth Circuit.

Nov. 19, 1974.

William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, for petitioners-appellants.

Harry F. Sargeant, Pros. Atty., Fremont, Ohio, Joseph Goldberg, Sol., City of Toledo, Toledo, Ohio, Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, for respondent-appellee.

Before McCREE, MILLER, and LIVELY, Circuit Judges.

PER CURIAM.

We consider a petition for mandamus to compel a single district judge to submit to a three-judge court, of which he is a member, duly constituted under 28 U.S.C. §§ 2281, 2284, a motion to dismiss and a motion to intervene. These motions were considered by a single district court member of the three-judge court

at the direction of the court under 28 U.S.C. § 2284(5). This section provides:

> Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing.

The single district judge in whose court the case was originally docketed, denied the motion to dismiss and granted the motion to intervene.[1]

We are asked to review the jurisdiction of the single district judge to enter these orders. They are concededly interlocutory, and, as such, are not reviewable on appeal to this court because they are not within the express authorization of 28 U.S.C. § 1292. The petition for mandamus seeks to avoid the statutory prohibition of appellate review of interlocutory orders.

■■■ The threshold question is our jurisdiction to hear the petition for mandamus which has been filed under the "All Writs Act," 28 U.S.C. § 1651. Section 1651 provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law. (Emphasis added.)

Under this statute, a United States Court of Appeals may issue writs of mandamus in aid of its existing jurisdiction or in aid of its future appellate jurisdiction. Under 28 U.S.C. § 1253, however, appeal from orders of three-judge courts granting or denying interlocutory or permanent injunctions is directly to the United States Supreme Court which has exclusive appellate jurisdiction in such cases. It is clear, therefore, that this court does not have nor can it acquire jurisdiction of this case except in narrowly restricted instances not applicable here. *See, e.g.* Hicks v. Pleasure House, Inc., 404 U.S. 1, 92 S.Ct. 5, 30 L.Ed.2d 1 (1971). It follows that the All Writs Act which permits writs in aid of our jurisdiction gives us no authority to grant the writ. *Cf., e. g.,* Tidewater Oil Co. v. United States, 409 U.S. 151, 160, 93 S.Ct. 408, 34 L.Ed.2d 375 (1972), United States Alkali Export Ass'n Inc. v. United States, 325 U.S. 196, 65 S.Ct. 1120, 89 L.Ed. 1554 (1945).

For the foregoing reasons, the petition is dimissed, and we do not determine whether delegation by the three-judge court to one of its members of the motion to dismiss and the motion to intervene was proper.

---

1. On page three of petitioners' Application for a Writ of Mandamus there appears the statement:

> On June 28, 1974, petitioners filed a motion for reconsideration of respondent's order and a petition for referral of the jurisdictional questions of the case to the entire panel for resolution. In this pleading, petitioners did not ask for reconsideration of the merits of respondent's order, but solely questioned his authority under 28 U.S.C.A. § 2284(5) to rule on the question presented.

This motion and the petition for referral were denied in an order and opinion entered by respondent on July 25, 1974.

It does not therefore appear that the full three-judge court has been asked to review the determination of the single judge. If the three-judge court had done so, it is clear that we would have no appellate jurisdiction to review the order entered. Failure to request such review on the merits would seem to afford a reason to deny review here if appellate jurisdiction otherwise existed.