**PROFESSIONAL ENGINEERS, INC., and Leroy T. Gravatte, III, Appellees,**

v.

**UNITED STATES of America et al., Appellants.**

**No. 74–1848.**

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1975.

Decided Oct. 21, 1975.

---

598

David English Carmack, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown and Crombie J. D. Garrett, Attys., Tax Div., U. S. Dept. of Justice, Brian P. Gettings, U. S. Atty., and Elsie M. Powell, Asst. U. S. Atty., on brief), for appellants.

Charles W. Schoeneman, Washington, D. C. (Schoeneman & Ralston, Washington, D. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, WIDENER, Circuit Judge, and HALL,* District Judge.

HAYNSWORTH, Chief Judge.

Professional Engineers brought this action seeking a declaration of the unconstitutionality of certain provisions of the Internal Revenue Code, an injunction

* Sitting by designation.

restraining their enforcement, and damages. The district court denied the Commissioner's motion to dismiss and ordered the Government to refrain from further efforts to collect assessments, pending responsive pleadings and a hearing. Treating this as a preliminary injunction, the defendants have appealed under 28 U.S.C. § 1292(a)(1). For the reasons set forth below, we vacate the injunction and remand to the district court with directions to enter an order dismissing the action.

Taxpayer failed to file its income tax return for the fiscal year ending October 31, 1972 and its FICA and withholding return for the period ending March 31, 1973. When notified of its failure, taxpayer investigated and found that it had filed neither those returns nor its FICA and withholding return for the period ending June 30, 1973. It promptly filed all three returns, paid the taxes reported thereon, and requested waiver of penalties and assessments for failure timely to file, claiming reasonable cause.

The IRS, concluding that the failure of taxpayer's bookkeeper to file the returns did not constitute reasonable cause, made assessments of penalties for late filing and of interest on amounts untimely paid. Conferences were held at which taxpayer was told it could contest the assessments only by paying the assessed amounts and filing for refund. Taxpayer advised the IRS that it might be able to pay by the end of February, 1974, but had not done so on March 21, 1974 when the Commissioner levied upon its bank account.

Taxpayer filed this suit on March 25, 1974 to challenge the constitutionality of those provisions of the Code which authorize the IRS, without a prior hearing, to determine reasonable cause for untimely filing, to impose penalties, to add interest, to seize property, and to avoid judicial restraint of collections. 26 U.S.C. §§ 6201, 6212, 6213, 6321, 6331, 6601, 6651, 6656, and 7421. In an unpublished memorandum opinion, the district court denied the Government's motion to dismiss and directed it to answer the complaint. At the end of that order appears the following: "In the interim nothing further shall be done in re the collection of these penalties pending the ruling of the Court in the premises."

We agree with the Government that the statement is an interlocutory injunction appealable under 28 U.S.C. § 1292. We further agree that the injunction should not have issued and that the action should have been dismissed.

The Anti-Injunction Statute, 26 U.S.C. § 7421(a), provides, with exceptions not here pertinent,[1] that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." The assessments at issue are taxes by definition and are expressly to be treated as taxes. 26 U.S.C. §§ 6601(f), 6659. Moreover, it is apparent that any restraint on the collection of these assessments would necessarily disrupt the flow of revenue into the Treasury of the United States. Thus, the injunctive relief granted by the district court and the further relief sought by the plaintiff are plainly at odds with the dual objectives of Section 7421(a): "efficient and expeditious collection of taxes with 'a minimum of preenforcement judicial interference,' and protection of the Collector from litigation

1. A pre-enforcement injunction against the assessment or collection of taxes may be granted only if it is clear that the Government could in no circumstances ultimately prevail on the merits and that equity jurisdiction exists. *See Alexander v. "Americans United"*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). It appears in this case that the taxpayer could in no circumstances prevail. The linchpin of its action is *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), but the Supreme Court there distinguished "summary seizure of property to collect the internal revenue of the United States." *Id.* at 91–92, 92 S.Ct. at 2000. Even if taxpayer had demonstrated extraordinary circumstances justifying temporary injunctive relief, that relief could have been granted only in accordance with the provisions of the Three-Judge Act, 28 U.S.C. §§ 2282 & 2284, since the claim is based on the unconstitutionality of federal statutes.

pending a refund suit." *United States v. American Friends Service Committee*, 419 U.S. 7, 12, 95 S.Ct. 13, 16, 42 L.Ed.2d 7 (1974).

 Taxpayer contends it should nevertheless prevail because it challenges the constitutionality of the Anti-Injunction Statute and because it seeks declaratory as well as injunctive relief. Both contentions may be disposed of briefly. Application of the Anti-Injunction Statute is not a denial of due process as long as the taxpayer has access to judicial review in a refund action. *E. g., Bob Jones University v. Simon*, 416 U.S. 725, 746, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). As to the second contention, the Declaratory Judgment Act expressly excludes actions with respect to federal taxes, and "it is in any event clear that the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act." *Alexander v. "Americans United", Inc.*, 416 U.S. 752, 759 n. 10, 94 S.Ct. 2053, 2058, 40 L.Ed.2d 566 (1974). There was also a claim for damages in this case, but the statutory provisions for summary collection procedures foreclose such a claim unless the IRS actions are so arbitrary and excessive that it can be said at the outset that there is no possibility the Government would prevail, in which event the Anti-Injunction Act would not apply.

 It is suggested, finally, that the case should be remanded so that a three-judge court might be convened to decide the merits. Taxpayer cites *Spencer Press v. Alexander*, 491 F.2d 589 (1st Cir. 1974), which held in a similar action that a substantial federal question was presented because the Anti-Injunction Statute, in combination with the summary collection provisions, precludes any prior judicial hearing. We decline to follow that course because *Spencer Press* was decided without the benefit of the Supreme Court's observation in *Bob Jones* that "serious problems of delay . . . do not rise to the level of constitutional infirmities, in light of the powerful governmental interests in protecting the administration of the tax system from premature judicial interference." 416 U.S. at 746, 94 S.Ct. at 2051.

Accordingly, we vacate the district court's restraint of tax collection efforts by the Government. It further appearing that the plaintiff has not stated a cause of action upon which relief may be granted, the district court is directed upon remand to enter an order dismissing the action.

Vacated and remanded with directions.