535 F.2d 1170
 Antonio C. LOPEZ, Individually and on behalf of all other
persons similarly situated, Plaintiff-Appellant,
v.
Earl L. BUTZ, Secretary, United States Department of
Agriculture, et al., Defendants-Appellees.
 No. 74-2348.
 United States Court of Appeals,
Ninth Circuit.
 May 3, 1976.
 
 David H. Kirkpatrick (argued), Salinas, Cal., for plaintiff-appellant.
 John F. Cooney, Jr., Asst. U. S. Atty. (argued), San Francisco, Cal., for defendants-appellees.
 OPINION
 Before DUNIWAY and GOODWIN, Circuit Judges, and LUCAS,* District Judge.
 PER CURIAM:
 
 
 1
 Appellant Antonio C. Lopez, a resident alien, filed this suit on behalf of himself and those similarly situated against the Secretary of Agriculture and others in the District Court for the Northern District of California. The suit challenged the validity of the provisions of 7 U.S.C. § 1941 that exclude non-citizens from the class of persons eligible for farm operating loans under that subchapter of the Consolidated Farmers Home Administration Act of 1961, as amended, 7 U.S.C. § 1921, et seq. Asserting this discrimination violates the Due Process Clause of the Fifth Amendment to the United States Constitution, appellant sought an injunction against enforcement of the statutory exclusion of aliens from the loan program and a declaratory judgment that the exclusion is unconstitutional. A single district court judge, after ruling the matter need not be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2282, held the statute constitutional and granted appellees' motion for summary judgment. Mr. Lopez appeals from the judgment of the district court.
 
 
 2
 We are of the view the district judge erred when he ruled the matter was not required to be heard by a three-judge court. Appellant's complaint sought an injunction against the enforcement and operation of an Act of Congress on the sole ground the statute is repugnant to the Constitution. Thus his claim falls within the category of cases that must be heard and determined by a three-judge court unless the constitutional issue presented is "insubstantial." McLucas v. DeChamplain, 421 U.S. 21, 28, 95 S.Ct. 1365, 1370, 43 L.Ed.2d 699, 707 (1975); Goosby v. Osser, 409 U.S. 512, 518-19, 93 S.Ct. 854, 858-59, 35 L.Ed.2d 36, 42 (1973). In Goosby, the Supreme Court articulated the standard by which to measure the "insubstantiality" of a constitutional issue for purposes of 28 U.S.C. § 2281, the three-judge court statute applicable to claims to enjoin the operation of a state statute. The Court said:
 
 
 3
 "Title 28 U.S.C. § 2281 does not require the convening of a three-judge court when the constitutional attack upon the state statutes is insubstantial. 'Constitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' Bailey v. Patterson, 369 U.S., (31) at 33, 82 S.Ct., (549) at 551, (7 L.Ed.2d 512) 'wholly insubstantial,' ibid.; 'obviously frivolous,' Hannis Distilling Co. v. Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); and 'obviously without merit,' Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 4-5, 78 L.Ed. 152 (1933). The limiting words 'wholly' and 'obviously' have cogent legal significance. In the context of the effect of prior decisions upon the substantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial for the purposes of 28 U.S.C. § 2281. A claim is insubstantial only if ' "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." ' (citations omitted)." Id.
 
 
 4
 In McLucas v. DeChamplain, the Supreme Court applied this test to a determination, under 28 U.S.C. § 2282, that a three-judge court should have been convened to hear and resolve a claim to enjoin enforcement of a federal statute on the ground that the statute was unconstitutional. Measuring the constitutional question in the present case by the McLucas and Goosby criterion, we conclude that in light of previous decisions of the United States Supreme Court in Sugarman v. Dougall, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973); Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971),[1] the constitutional issue presented by appellant's claim is substantial enough to require the convening of a three-judge district court pursuant to 28 U.S.C. § 2282, and according to the procedures set out in 28 U.S.C. § 2284. The district court, however, failed to convene a three-judge court and disposed of appellant's constitutional claim on the merits. Because a three-judge court was required, the single district judge was without authority to determine the merits of appellant's claim. In these circumstances, appellant correctly sought review in this court, and the proper course now is to vacate the judgment below and remand with directions that a three-judge district court be convened. McLucas v. DeChamplain, supra, 421 U.S. at 32, 95 S.Ct. at 1372, 43 L.Ed.2d at 710, n.12 (1975); see also, Hicks v. Pleasure House, Inc., 404 U.S. 1, 92 S.Ct. 5, 30 L.Ed.2d 1 (1971); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Flemming v. Nestor, 363 U.S. 603, 606-07, 80 S.Ct. 1367, 1370-71, 4 L.Ed.2d 1435, 1441-42 (1960). We vacate the judgment below, therefore, and remand the matter to the district court with directions to convene a three-judge court to hear and determine the appellant's claim.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 In the court below and on this appeal, the appellant has relied on this court's opinion in Mow Sun Wong v. Hampton, 500 F.2d 1031 (9th Cir.), cert. granted, 417 U.S. 944, 94 S.Ct. 3067, 41 L.Ed.2d 667 (1974), as support for the merits of his constitutional claim. See also, Ramos v. United States Civil Service Commission, 376 F.Supp. 361 (D.P.R.1974) (three-judge court). At this writing, Mow Sun Wong has been argued and reargued to the Supreme Court, but no decision has yet been made. See, 423 U.S. 921, 96 S.Ct. 260, 46 L.Ed.2d 247, 44 U.S.L.W. 3413 (1976). This Circuit's ruling in Mow Sun Wong was based on a fair and reasonable interpretation of the Supreme Court's holdings in Sugarman v. Dougall, supra, and Graham v. Richardson, supra. We do not find it unusual that a district judge must decide whether a three-judge court is required on a constitutional issue previously resolved by decisions of the lower federal courts, but not yet addressed by the Supreme Court. See, e. g., McLucas v. DeChamplain, supra, 421 U.S. at 28-29, 95 S.Ct. at 1370, 43 L.Ed.2d at 1707-08. A previous lower court determination of the merits of a constitutional claim may be used as a guide by the district court on the issue of "insubstantiality." According to McLucas and Goosby, however, only decisions of the Supreme Court can serve as dispositive authority for a finding of "insubstantiality." As the Sugarman and Graham decisions indicate, the due process issue raised by appellant is not an "insubstantial" constitutional question. It requires, therefore, hearing and determination by a three-judge court pursuant to 28 U.S.C. § 2282. By this conclusion, we express no opinion about the effect, if any, a Supreme Court decision in Mow Sun Wong may have on this case. A determination to convene or not to convene a three-judge court must be made on the basis of the Supreme Court's "previous decisions." McLucas v. DeChamplain, 421 U.S. at 28, 95 S.Ct. at 1370, 43 L.Ed.2d at 1707