**UNITED STATES of America ex rel. Steven and Pamela FOSTER, d/b/a Panhandlers, Inc., Plaintiffs,**

v.

**Secretary of Treasury, Donald REGAN, Commissioner of Internal Revenue, Roscoe L. Egger, et al., Defendants.**

No. 81 C 2597.

United States District Court, N. D. Illinois, E. D.

Sept. 17, 1981.

**740**

Steven Foster, pro se.

Thomas P. Walsh, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Steven and Pamela Foster ("the Fosters") brought this action seeking to restrain the Secretary of the Treasury and the Commissioner of Internal Revenue from collection of approximately twelve thousand dollars in 1975 income taxes allegedly owed by the Fosters. The Fosters deny liability for the taxes and assert that the defendants have violated a number of their constitutional rights in the course of their efforts to collect the taxes assertedly due and owing. The instant action is apparently brought pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983, and federal jurisdiction is predicated upon 28 U.S.C. § 1343. As the suit is effectively one against the United States concerning the assessment and collection of income taxes, jurisdiction might also be asserted pursuant to 28 U.S.C. § 1346(a)(1).

This matter is presently before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6). For the purpose of defendants' motion, the Court must accept as true the allegations in the Fosters' complaint and the complaint should not be dismissed unless it appears beyond doubt that they can prove no set of facts in support of their claim that would entitle them to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

It is clear from the complaint and the various motions and memoranda filed that the gist of the Fosters' dispute with the defendants arises out of an assessment of 1975 income taxes by the Internal Revenue Service ("IRS"). The IRS has apparently secured a lien against the Fosters in the amount of $12,011.13 in order to satisfy the asserted tax liability and the Fosters seek to enjoin execution on the lien. There are at least two reasons why the plaintiffs may not maintain this action.

(1) Congress has provided an orderly system for the adjudication of taxpayers' disputes with the IRS with respect to their tax liability. After the tax has been assessed, the taxpayer may challenge the assessment in a United States District Court or the Court of Claims in a suit for refund brought pursuant to 28 U.S.C. § 1346(a)(1). A prerequisite to a refund suit, however, is that the taxpayer pay the tax in full and file a claim for a refund with the IRS. 26 U.S.C. § 7422(a). The Fosters do not allege that they have filed a refund claim with the IRS or that such a claim was denied by that agency prior to the filing of the instant lawsuit. Accordingly, this Court is without jurisdiction to consider their challenge to the collection of taxes allegedly due and owing.

(2) The Anti-Injunction Act, 26 U.S.C. § 7421(a), expressly provides that "no suit for the purpose of restraining the assessment of collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed." The purpose of this statute is to ensure the orderly collection of revenue by the United States free from judicial intervention and to require that disputes over the amount of tax due and owing be determined in a suit for a refund. *Enochs v. Williams Packing & Navigation Company*, 370 U.S. 1, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The Anti-Injunction Act has been held to bar damage claims as well as injunctive relief. *Professional Engineers, Inc. v. United States*, 527 F.2d 597, 600 (4th Cir. 1975); *Black Panther Party v. Alexander*, 75–1 U.S.T.C. ¶ 86,913 (N.D.Cal.1975). Accordingly, this Court is without jurisdiction to consider the Fosters' challenge to the assessment and collection of their income taxes for the additional reason that the Anti-Injunction Act bars federal jurisdiction in these circumstances.[1]

For the reasons set forth above, defendants' motion to dismiss is granted. It is so ordered.

---

1. As we can adequately dispose of this case on other grounds, we need not discuss the defendants' additional arguments in support of dismissal of the complaint.