No. 82-69

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES E. JELLE,

Defendant and Appellant.

---

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Jefferson
Honorable Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Robert Peterson argued, Heleena, Montana

For Respondent:

Honorable Mike Greely, Attorney General, Helena, Montana
Sheri Sprigg argued, Assistant Attorney General,
Helena, Montana
Cecil Woodgate argued, County Attorney, Boulder, Montana

---

Submitted: September 15, 1982

Decided: October 13, 1982

Filed: OCT 13 1982

Thomas J. Kearney
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner-appellant (defendant) pled guilty to the charge of criminal sale of dangerous drugs and received a three-year deferred sentence on June 9, 1975. Subsequently, the sentence was revoked and the District Court sentenced defendant to ten years in the Montana State Prison. On August 13, 1981, defendant petitioned the District Court of the Fifth Judicial District in Jefferson County for post-conviction relief. The petition was denied on August 24, 1981, and defendant appeals.

Defendant was arrested on March 22, 1975, for the criminal sale of dangerous drugs. Defendant pled guilty to the charge and judgment was rendered on June 9, 1975. The District Court imposed a three-year deferred sentence together with five conditions of probation. The conditions were as follows:

1. That the defendant seek and complete rehabilitation for his admitted alcoholism and that he make every effort to attend a vo-tech school and acquire training and education that will prepare him for employment.

2. That the defendant obey all statutes of the State of Montana and all municipal regulations and ordinances.

3. That the defendant abstain from association with all known users and sellers of dangerous drugs.

4. That the defendant comply with all rules and requirements of the Board of Pardons, and report regularly to the representative of said board.

Two days later, on June 11, 1975, defendant committed a misdemeanor theft for which he pled guilty. On July 7, 1975, the Jefferson County Attorney's Office filed a motion to revoke deferred imposition of sentence on the grounds that defendant had violated numbers two and three of his probation by using alcohol and committing a misdemeanor theft. After hearing, on July 14, 1975, the District Court denied the motion to revoke but amended the original deferred sentence to include another condition,

"[t]hat the defendant be committed to and confined at the Warm Springs State Hospital, for not less than two years, for treatment of his alcoholism, and other psychological problems."

Defendant was committed to the Warm Springs State Hospital but escaped within six weeks, sometime around August 20, 1975. Shortly after defendant left Warm Springs, defendant was identified as a participant in a robbery in Missoula, Montana. The day after the robbery, defendant was arrested in Colorado following a shoot-out between defendant's companion and the Colorado Highway Patrol. Although the shoot-out resulted in two deaths, charges against defendant were dropped because he had not taken part in the shooting incident.

On October 8, 1975, the Jefferson County Attorney's Office filed a second motion to revoke the deferred imposition of sentence upon the following grounds; that defendant had left Warm Springs without consent of the staff, that defendant had committed the offense of robbery, that defendant had been arrested by the Colorado Highway Patrol, that defendant had left the jurisdiction of his parole officer without permission, that defendant had engaged in a series of continuous violations of the conditions of the deferred sentence, and that it was in the best interests of society that defendant be incarcerated at Montana State Prison. On October 13, 1975, the District Court revoked the deferred imposition of sentence and sentenced defendant to ten years in the Montana State Prison on his previous plea of guilty to the charge of criminal sale of dangerous drugs.

The District Court of the Fourth Judicial District in Missoula, Montana, ordered defendant to return to Missoula whereupon defendant pled guilty to the robbery charge. On March 12, 1976, defendant was sentenced to forty years in the Montana State Prison, with credit for 181 days already served in the Missoula County jail.

On August 13, 1981, defendant petitioned the District Court of the Fifth Judicial District in Jefferson County for post-

conviction relief pursuant to section 46-21-101, MCA, on the criminal sale of dangerous drugs sentence. On August 24, 1981, the District Court denied the petition.

On June 18, 1982, defendant was released from the Montana State Prison on parole. As of July 1, 1982, the projected date for defendant's termination of parole was June 20, 2012. It appears defendant has been granted approximately three years, seventy-four days of good time since he began serving the Missoula County sentence. According to the Department of Institutions, Corrections Division, defendant's obligation to Jefferson County to the ten-year sentence was fulfilled on April 21, 1982, and he was discharged due to completion of his sentence.

Defendant appeals the District Court of the Fifth Judicial District's denial of his petition for post-conviction relief.

The issues raised on appeal are:

1. Whether the appeal from the District Court's denial of defendant's petition for post-conviction relief is moot.

2. Whether the District Court violated section 95-2206, R.C.M., 1947, (now codified as section 46-18-201, MCA), and Art. II, Sec. 17, of the Montana Constitution by amending defendant's deferred sentence to include a mandatory two-year term at the Warm Springs State Hospital.

3. Whether the imposition of a mandatory two-year term at Warm Springs State Hospital was not actually a condition of the deferred imposition of sentence but rather a valid penal sentence.

4. Whether the District Court lacked jurisdiction to entertain a second revocation motion on October 8, 1975, as it had already imposed a penal sentence on July 14, 1975.

Respondent argues since defendant has attacked only the sentence from Jefferson County that has now expired, the appeal is moot. The United States Supreme Court recently ruled upon this issue in Lane v. Williams (1982), _____ U.S. _____, 102 S.Ct. 1322,

L.Ed.2d ____ . In <u>Lane</u>, two defendants entered into a plea bargain with state-court prosecutors. The offense carried an indeterminate sentence of imprisonment and a mandatory three-year parole term. When the two defendants pled guilty, they were not informed that their negotiated sentence included the mandatory parole term. Both defendants served time in prison, were discharged and subsequently violated the conditions of their parole. When defendants were forced to return to prison as parole violators they petitioned for a writ of habeas corpus in Federal District Court seeking to eliminate the mandatory parole term from their sentences. The United States Supreme Court held that had defendants sought to set aside their convictions and pled anew, their cases would not be moot as defendants would then be free to stand trial for the offense and possibly receive greater sentences. However, defendants sought only to attack their sentences, which had expired in the course of their proceedings. The United States Supreme Court held:

> "Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. 'Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter.' North Carolina v. Rice, 404 U.S. 244, 248, 92 S.Ct. 402, 405, 30 L.Ed.2d 413." 102 S.Ct. at 1327.

In the present case as in <u>Lane</u>, supra, defendant is attempting to attack only the sentence that arose from his plea of guilty to the charge of criminal sale of dangerous drugs. As explained above, considering the amount of good time defendant has accumulated while serving the Jefferson County sentence and the merged Missoula County sentence, the Jefferson County sentence has now expired and defendant's appeal is moot. This Court will not consider moot points. State v. Binzler (1979), ____ Mont. ____, 599 P.2d 349, 36 St.Rep. 1580.

Defendant argues a previous ten-year sentence contained in a pre-sentence investigation report would have greater influence upon the sentencing judge than would a two-year sentence.

- 5 -

However, a sentencing judge is to be concerned primarily with the fact of a previous conviction, not the accompanying sentence. See section 46-18-501, et seq., MCA. Here, the record is void of any indication that defendant's Missoula County sentence was influenced by the length of the Jefferson County sentence.

As defendant's appeal is now moot and as there is nothing in the record which reflects defendant received a greater sentence in Missoula County due to the Jefferson County sentence, the District Court's denial of defendant's petition for post-conviction relief is affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices