**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYNN S. PRIEST,

      Petitioner-Appellant,

v.

RICHARD MARR and the
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 97-1394

(D.C. No. 96-B-216)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA** , **BARRETT** , and **HENRY** , Circuit Judges.

In 1987, a jury convicted Mr. Priest of murder in the first degree and a

crime of violence, for which he was sentenced to life in prison. Mr. Priest has

filed numerous petitions in Colorado state courts for post-conviction relief.

The instant appeal stems from Mr. Priest's federal habeas petition filed in

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

United States District Court pursuant to 28 U.S.C. § 2254. The district court denied habeas relief. We exercise jurisdiction pursuant to 28 U.S.C. § 2253. As Mr. Priest petitioned for habeas relief before April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), do not apply. See Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997).

We affirm.

**DISCUSSION**

Mr. Priest argues that he is entitled to habeas relief because he was denied effective assistance of counsel in violation of the Sixth Amendment. He specifically finds error in his trial counsel's decision not to pursue a voluntary intoxication defense, and in his trial counsel's failure to object to certain statements by the prosecutor in closing argument. He also argues that, in light of evidence regarding the voluntary intoxication defense that was not presented to the state courts, his ineffective assistance of counsel claim is partly unexhausted.

In light of these arguments, Mr. Priest seeks three alternative forms of relief. He first argues that this court should hold his case in abeyance, pending final resolution of a second post-conviction motion in the Colorado state courts.

2

We need not address this first requested form of relief.   The Colorado Supreme

Court has recently denied Mr. Priest's petition for certiorari in that second state

post-conviction proceeding, and, as a result, his request that we hold this case in

abeyance is now moot.  See Priest v. People No. 98 SC365 (Order filed Dec. 8,

1998).   Alternatively, Mr. Priest argues that this court should remand the case to

the district court, where he "would get to elect between deleting the unexhausted

claim and proceeding with just the exhausted claims, or allowing dismissal of the

entire petition without prejudice." Aplt's Br. at 20.  Thirdly, in the event that this

court decides to reach the merits of his claim, Mr. Priest argues that we should

conclude that he received ineffective assistance of counsel and reverse the

district court's decision.

We begin by addressing Mr. Priest's exhaustion argument. Because we

conclude that Mr. Priest has exhausted his claim, we then proceed to the merits.


## I.  Exhaustion

In support of his argument that his ineffective assistance of counsel claim

is partially unexhausted,  Mr Priest invokes our decision in  Demarest v. Price,

130 F.3d 922 (10th Cir. 1997).  In that case, we applied the requirement that a

state prisoner must "'fairly present' his or her claims to the state courts before a

federal court will examine them."  Id. at 932 (quoting Picard v. Connor, 404 U.S.

3

270, 275 (1971)). The fair presentation requirement means that the substance of a habeas claim must first be raised in the state courts. "[A]lthough a habeas petitioner will be allowed to present bits of evidence to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts." Id. (internal citations and quotations omitted).

In Demarest, we concluded that a habeas petitioner had not fairly presented an ineffective assistance of counsel claim to the state courts. In a federal court hearing, the habeas petitioner presented important evidence that had not been submitted to the state courts: testimony from two key fact witnesses changing their account of certain events surrounding the crime and new expert opinion that substantially weakened the state's case. The new testimony rendered the claim unexhausted.

In this case, Mr. Priest argues that an affidavit that he submitted to the district court is analogous to the new evidence presented at the federal evidentiary hearing in Demarest. The affidavit in question is signed by Dr. Gary G. Forrest, a psychologist and an expert on intoxication. In the affidavit, Dr. Forrest states that, on the night of the murder, Mr. Priest was impaired by alcohol and that, when Mr. Priest shot the victim, there was "an appreciable chance" that "he was acting on an impulse and not as the result of deliberation." See Rec.

4

doc. 35 Att. I at ¶ 8.  Mr. Priest argues that Dr. Forrest's affidavit demonstrates the importance of the voluntary intoxication defense as well as trial counsel's ineffectiveness in failing to adequately investigate the defense and pursue it at Mr. Priest's state court murder trial.

In our view, Dr. Forrest's affidavit is distinguishable from the new evidence offered in the federal court evidentiary hearing in Demarest in that the affidavit does not place Mr. Priest's ineffective assistance of counsel claim "in a significantly different and stronger posture than it was when the state courts considered it." Jones v. Hess, 681 F.2d 688, 694 (10th Cir. 1982).  At the state court evidentiary hearing on Mr. Priest's post-conviction motion, Mr. Priest's trial counsel testified as to the strategic reasons for declining to present a voluntary intoxication defense to the jury and for arguing instead that Mr. Priest acted in self-defense.  Dr Forrest's affidavit does not undermine that strategic assessment and therefore, unlike the new evidence in Demarest, it does not render Mr. Priest's ineffective assistance of counsel claim unexhausted.

Accordingly, because Mr. Priest has fairly presented his claim to the Colorado state courts, we proceed to the merits.

## II. The Merits

Mr. Priest first alleges that he was denied effective assistance of counsel, in

5

violation of the Sixth Amendment.  To prevail in this claim, he must show

> that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).

As we have noted, the district court found that the defense counsel had testified at the post-conviction hearings in state court that he was aware of the voluntary intoxication defense and that he made a strategically defensible decision to pursue the self-defense theory instead.  See Rec. vol. I, doc. 42, at 9-11.  Mr. Priest has presented nothing that would bring doubt to these findings. Therefore, we affirm the district court's finding that Mr. Priest failed both to show that his counsel's assistance was deficient, and that he was prejudiced by the actions of his counsel.

Mr. Priest also contends that his counsel was ineffective because he failed to object to the prosecutor's characterization of Mr. Priest as a liar in closing arguments.  As the district court noted, Mr. Priest's trial counsel testified in the state post-conviction proceedings that he was concerned that an objection would only draw more attention to the prosecutor's statements.  See Rec. vol. I, doc. 42, at 13.  Attention to the prosecutor's statement was undesirable, as during trial the

defense had conceded Mr. Priest had in fact lied at one time. See id. We find ourselves in agreement with the district court: "this Court does not find that [trial counsel's] actions fell outside the range of reasonable professional assistance that must be shown under Strickland ." Id.

## CONCLUSION

Mr. Priest has fairly presented his ineffective assistance of counsel claim to the Colorado state courts. Accordingly, we proceed to the merits of his claim and AFFIRM the district court's denial of his Sixth Amendment claim for ineffective assistance of counsel.

ENTERED FOR THE COURT

Robert H. Henry
Circuit Judge