RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0156p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

In re: DAVID SUTTON, JR.,

*Petitioner.*

No. 11-1511

─────────────────

On Petition for Writ of Mandamus.
No. 05-70207—Victoria A. Roberts, District Judge.

Decided and Filed: June 14, 2011

Before: MERRITT and ROGERS, Circuit Judges; FORESTER, District Judge.[*]

─────────────────

**OPINION**

─────────────────

PER CURIAM. In this petition for a writ of mandamus, David Sutton, Jr., seeks an order directing the Commissioner of Social Security to exercise his discretion to reopen proceedings and reinstate a 1985 decision that awarded him disability benefits. The Commissioner has responded that Sutton is barred by the doctrine of res judicata and, alternatively, that Sutton's petition should fail on the merits. Neither of these arguments needs to be addressed, however, because the petition is not properly before this court.

Sutton was awarded disability insurance benefits for a period beginning in June 1983. In 2002, however, the Social Security Administration produced evidence that Sutton had engaged in substantial gainful employment during the years that Sutton claimed to have been disabled. The Appeals Council accordingly reopened the

─────────────────

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

proceedings and remanded to an administrative law judge, who determined that Sutton was not entitled to disability benefits.  Sutton sought judicial review.  The district court affirmed.  *Sutton v. Comm'r of Soc. Sec.*, No. 2:05-cv-70207 (E.D. Mich. Jul. 24, 2006).  On appeal, this court affirmed.  *Sutton v. Comm'r of Soc. Sec.*, No. 06-2100 (6th Cir. Mar. 22, 2007) (order).

Sutton then sought supplemental security income benefits.  His application was denied, and on his request for judicial review, the district court affirmed.  *Sutton v. Comm'r of Soc. Sec.*, No. 2:08-cv-13182 (E.D. Mich. Sept. 25, 2009).  On appeal, this court affirmed.  *Sutton v. Comm'r of Soc. Sec.*, No. 09-2288 (6th Cir. Apr. 5, 2011) (order).

Sutton now petitions for a writ of mandamus, asking this court to order the Commissioner of Social Security to reinstate Sutton's disability benefits.  The court of appeals lacks jurisdiction to issue a writ of mandamus directly to the Commissioner of Social Security.

Direct review of agency action has been placed in the courts of appeals only on an agency-by-agency basis in the particular organic acts of selected agencies.  So-called "nonstatutory" judicial review, based on the Administrative Procedure Act and a general grant of jurisdiction such as 28 U.S.C. § 1331, when available, is in the district court.  *See* Note, *Jurisdiction to Review Federal Administrative Action:  District Court or Court of Appeals*, 88 Harv. L. Rev. 980, 981 (1975).

Moreover, in the case of Social Security Act cases, judicial review is in the district court and is exclusively through 42 U.S.C. § 405(g).  *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000); *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).  Other district court jurisdictional bases are explicitly precluded in 42 U.S.C. § 405(h).  The Supreme Court has reserved without deciding whether a district court would ever have jurisdiction to review a decision of the Commissioner under the district court mandamus statute, 28 U.S.C.

§ 1361, in light of 42 U.S.C. § 405(h).[1] In any event, §1361 obviously does not give any mandamus jurisdiction to appellate courts.

To be sure, this court has jurisdiction under the All Writs Act to issue writs, including writs of mandamus, in aid of our jurisdiction. 28 U.S.C. § 1651. Thus we may issue a writ of mandamus to a lower court in appropriate circumstances. *See In re Chimenti*, 79 F.3d 534, 540 (6th Cir. 1996); *McClellan v. Young*, 421 F.2d 690, 691 (6th Cir. 1970). Such writs are in aid of our appellate jurisdiction. *See Blay v. Young*, 509 F.2d 650, 651 (6th Cir. 2004). A mandamus directed at a federal official in a suit brought directly in our court, in contrast, would be an exercise of original jurisdiction, as explained in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 175 (1803). We lack such jurisdiction in the Social Security context.

The petition for a writ of mandamus is dismissed for lack of jurisdiction.

---

[1] While several circuits have allowed for mandamus jurisdiction in social security cases, *see, e.g., Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 765-66 (5th Cir. 2011) (collecting cases), the Supreme Court has explicitly refrained from resolving the issue, *see Your Home Visiting Nurse Srvcs., Inc. v. Shalala*, 525 U.S. 449, 457 n. 3 (1999).