**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1419**

WESLEY EDWARD SMITH, III,

Petitioner,

v.

COMMISSIONER OF SOCIAL SECURITY; TERRY STRADTMAN; SOUTH
CAROLINA VOCATIONAL REHABILITATION DETERMINATION; MS. C.
RANDALL, Disability Hearing Officer; SOCIAL SECURITY
ADMINISTRATION INSURANCE,

Respondents.

On Petition for Review of an Order of the Social Security Administration.

Submitted:  September 24, 2019               Decided:  September 26, 2019

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Wesley Edward Smith, III, Petitioner Pro Se.  Terri Hearn Bailey, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Edward Smith, III, petitions this court for review of a determination by the Commissioner of Social Security to cease payment of supplemental security income (SSI) benefits.

Under the Social Security Act, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . brought in the district court of the United States." 42 U.S.C.A. § 405(g) (West 2019). Although "[d]irect review of agency action has been placed in the courts of appeals . . . on an agency-by-agency basis," direct review does not lie in a court of appeals under the Social Security Act. *In re Sutton*, 652 F.3d 678, 679 (6th Cir. 2011) (per curiam). Instead, "in the case of Social Security Act cases, judicial review is in the district court and is exclusively through 42 U.S.C.[A.] § 405(g)." *Id.* (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000); *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)). Claimants generally must proceed through a four-step process within the Social Security Administration before § 405(g) entitles them to judicial review in the district court. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). Based on the plain language of § 405(g), original jurisdiction for judicial review of a final decision of the Commissioner lies in the district court, and this court has appellate jurisdiction to review the district court's decision regarding the claimant's challenge. *See Sunshine Haven Nursing Operations, LLC v. DHHS*, 742 F.3d 1239, 1248 (10th Cir. 2014).

Smith's civil action challenging the cessation of his SSI benefits currently is pending before the district court, which has not yet issued a judgment from which Smith has noted an appeal. Accordingly, we dismiss his petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*