## McLUCAS, SECRETARY OF THE AIR FORCE, ET AL. *v.* DeCHAMPLAIN

No. 73–1346.  Argued December 9, 1974—Decided April 15, 1975

POWELL, J., delivered the opinion of the Court, in which BURGER, C. J., and STEWART, WHITE, BLACKMUN, and REHNQUIST, JJ., joined. BRENNAN, J., filed an opinion concurring in the judgment, in which DOUGLAS and MARSHALL, JJ., joined, *post*, p. 34.

*Solicitor General Bork* argued the cause for appellants. With him on the brief were *Assistant Attorney General Hills, Leonard Schaitman*, and *Anthony J. Steinmeyer.*

*Leonard B. Boudin* argued the cause for appellee. With him on the brief was *David Rein.**

MR. JUSTICE POWELL delivered the opinion of the Court.

The District Court for the District of Columbia preliminarily enjoined appellants, the Secretary of the Air Force and five Air Force officers,[1] from proceeding with

---

*Melvin L. Wulf* filed a brief for the American Civil Liberties Union as *amicus curiae* urging affirmance.

[1] The Chief of Staff, Department of the Air Force, the Judge Advocate General of the Air Force, and the following officers

appellee DeChamplain's court-martial (i) on charges based upon Art. 134 of the Uniform Code of Military Justice, 10 U. S. C. § 934, and (ii) on any charges whatever unless appellants allowed civilian defense counsel and certain other persons unlimited access to documents material to DeChamplain's defense. 367 F. Supp. 1291 (1973). The military authorities appealed directly to this Court, averring jurisdiction under 28 U. S. C. § 1252. We postponed the jurisdictional question to the hearing on the merits. 418 U. S. 904 (1974). We hold the case properly here under § 1252 and, finding its disposition controlled by our intervening decisions in *Parker* v. *Levy*, 417 U. S. 733 (1974), and *Schlesinger* v. *Councilman*, 420 U. S. 738 (1975), vacate the preliminary injunction and remand with directions to dismiss the action.

## I

Article 134 provides, *inter alia*, that "crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense . . . ." This clause of the article is an assimilative crimes provision, conferring court-martial jurisdiction over service-connected, noncapital federal offenses not covered by specific provisions of the Code.[2] In 1971, court-martial charges were pre-

_____

stationed at Richards-Gebaur Air Force Base, Mo.: Colonel Hewitt E. Lovelace, Jr., the convening authority; Major Forrest W. Thomas, Staff Judge Advocate; and Colonel Russell A. Stanley, presiding military judge.

[2] See *United States* v. *Frantz*, 2 U. S. C. M. A. 161, 7 C. M. R. 37 (1953). The full text of the article provides:

. "Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of

ferred under this provision against appellee DeChamplain, an Air Force master sergeant. Specifically, DeChamplain was charged with having copied classified documents, in violation of 18 U. S. C. § 793 (b), and with having attempted to deliver such copies to an unauthorized person, in violation of 18 U. S. C. § 793 (d). DeChamplain was also charged, under Art. 81 of the Uniform Code, 10 U. S. C. § 881, with conspiracy to communicate classified information to an agent of a foreign government, in violation of Art. 134 and 50 U. S. C. § 783 (b), and, under Art. 92, 10 U. S. C. § 892, with failure to obey an Air Force regulation requiring that contacts with foreign agents be reported. All of these charges were premised on allegations that, while stationed in Thailand, DeChamplain twice had been in the company of a Soviet embassy official and subsequently was found in possession of 24 official Air Force documents, ranging in classification from "confidential" to "top secret." The general court-martial convicted DeChamplain of all charges. On appeal, the Air Force Court of Military Review held that certain inculpatory statements made by DeChamplain should not have been admitted into evidence; the court therefore reversed the conviction and remanded for a new trial.[3] The Court of Military Appeals affirmed.[4]

The military authorities then prepared to retry DeChamplain before a general court-martial on substantially the same charges. The charges were amended, however, to delete all allegations pertaining to three of the classified documents, the Air Force choosing to forgo prosecution as to these documents rather than compromise their confidentiality. The Air Force also decided not to intro-

by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court."

[3] 46 C. M. R. 784 (1972).

[4] 22 U. S. C. M. A. 150, 46 C. M. R. 150 (1973).

duce at the new trial 12 of the documents, assertedly because of their connection with DeChamplain's inadmissible inculpatory statements. Copies of all of these documents are contained in the record of DeChamplain's first court-martial, to which the Air Force has given DeChamplain's military counsel full access. Civilian defense counsel, however, were allowed access only to unclassified portions of the record and thus were not permitted to inspect those documents that will not be in issue at the retrial. The Air Force authorized DeChamplain, his military counsel, chief civilian counsel, one legal associate, and one secretary to have access to the nine remaining documents that the charges against DeChamplain now concern. It imposed restrictions, however, on the use of the documents: they were to be examined only in the presence of persons with appropriate security clearances; no copies were to be made; written notes pertaining to classified information were to remain in Air Force custody; and the information was not to be discussed with anyone other than those who had been authorized access.

At a pretrial hearing conducted pursuant to 10 U. S. C. § 839, DeChamplain challenged these restrictions. The presiding military judge sustained the restrictions, but granted the civilian defense team access to portions of the original record pertaining to the nine documents still at issue, subject to the restrictions applicable to the documents themselves. DeChamplain also moved to dismiss the charges on various grounds, claiming, *inter alia*, that Art. 134 was unconstitutional. The presiding judge denied the motion. DeChamplain made the same claims in three petitions to the Court of Military Appeals for extraordinary relief. That court denied the petitions,[5] stat-

[5] *DeChamplain* v. *United States*, 22 U. S. C. M. A. 211, 46 C. M. R. 211 (1973); *DeChamplain* v. *United States*, 22 U. S. C.

ing on the last occasion that "[a] petition for extraordinary relief is not a substitute for appeal." [6]

DeChamplain's second court-martial was to begin on November 15, 1973. On October 3, he filed this action in the District Court seeking injunctive relief and asserting, among other claims, that Art. 134 was unconstitutionally vague and that the limitations on access to and use of the classified documents denied him due process and effective assistance of counsel. The defendant military authorities moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. The court denied the motion. It agreed with the military authorities that "generally a serviceman must first exhaust his military remedies before a federal court will interfere with court martial proceedings." 367 F. Supp., at 1294. The court believed, however, that the circumstances of the case justified an exception to the rule. Because the issues presented in the case were "purely legal" and did "not necessitate determinations which the military forum is best equipped to make," and because "Sergeant DeChamplain [would] be denied fundamental constitutional guarantees" unless the court intervened, the court concluded that there was no justification for deferring consideration of the issues until after DeChamplain's court-martial and subsequent military appellate review. *Ibid.*

The District Court further concluded that DeChamplain had satisfied the requirements for a preliminary injunction. It ruled that the unconstitutionality of Art. 134 was clear from the decisions of the Courts of Appeals in *Avrech* v. *Secretary of the Navy*, 155 U. S. App. D. C. 352, 477 F. 2d 1237 (1973), and *Levy* v. *Parker*,

M. A. 656, 46 C. M. R. 1329 (1973); *DeChamplain* v. *McLucas*, 22 U. S. C. M. A. 462, 47 C. M. R. 552 (1973).

[6] *Ibid.*

478 F. 2d 772 (CA3 1973), both of which were then pending on certiorari in this Court. The District Court further held that the restrictions on access to the nine documents that the charges now concern and to the record of the previous court-martial were "clearly excessive" and abridged DeChamplain's right to a fair trial.

Finally, the court concluded that DeChamplain adequately had demonstrated irreparable injury: he had been in confinement since before his original court-martial and, if again convicted, would remain confined pending review by the military appellate courts.[7] The District Court therefore preliminarily enjoined the military authorities from proceeding with the Art. 134 charges. It further enjoined prosecution "on any and all charges" unless the Air Force granted "full and unlimited access to all documents relevant and material to the case" to DeChamplain's civilian defense counsel "and such legal associates and assistants, subject to an appropriate protective order, as are necessary to said counsel's adequate preparation for trial."[8]

## II

The case comes to us in a most unusual posture. Insofar as the complaint sought an injunction against en-

---

[7] The District Court also observed that in *United States* v. *Unrue*, 22 U. S. C. M. A. 654 (1973), the Court of Military Appeals declined to follow the decision of the Court of Appeals for the District of Columbia Circuit in *Avrech* v. *Secretary of the Navy*, 155 U. S. App. D. C. 352, 477 F. 2d 1237 (1973). The District Court stated that "[i]t simply offends basic notions of fairness to require plaintiff to endure a possible lengthy court martial and further expect that appellate relief be sought in a tribunal which has clearly and summarily rejected the claims asserted." 367 F. Supp. 1291, 1295 (DC 1973).

[8] Following the District Court's decision, the Air Force authorized two consultants selected by DeChamplain's counsel to have access to the classified materials that will be in issue at the court-martial, subject to the same restrictions imposed on civilian counsel.

forcement of Art. 134 on the ground of its asserted unconstitutionality, the case falls within the literal mandate of 28 U. S. C. § 2282. That section provides that "[a]n interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges . . . ." Although neither of the parties to this suit applied to the District Court for convention of a three-judge court, the section's requirement is jurisdictional, and if it applies a single district judge has no power to act. See, *e. g., Flemming* v. *Nestor,* 363 U. S. 603, 606–607 (1960); *Kennedy* v. *Mendoza-Martinez,* 372 U. S. 144, 153 (1963). A single judge, however, can dismiss the action for want of justiciability or general subject-matter jurisdiction. *Gonzalez* v. *Automatic Employees Credit Union,* 419 U. S. 90, 100 (1974). We also have held that general subject-matter jurisdiction is lacking when the claim of unconstitutionality is insubstantial, *i. e.,* obviously without merit or clearly concluded by this Court's previous decisions. *Ex parte Poresky,* 290 U. S. 30, 32 (1933); *Idlewild Bon Voyage Liquor Corp.* v. *Epstein,* 370 U. S. 713, 715 (1962); *Goosby* v. *Osser,* 409 U. S. 512, 518–519 (1973).

The District Court here, however, obviously did not consider DeChamplain's constitutional claim insubstantial; on the contrary, the court denied the motion to dismiss and went on to grant a preliminary injunction. According to DeChamplain, a three-judge court was deemed unnecessary at the time the complaint was filed, not because his claim was insubstantial, but because the unconstitutionality of the statute appeared settled by the Court of Appeals decision in *Avrech* v. *Secretary of the Navy, supra,* a decision binding on the District Court.

Hence, it is said, the case seemed to present a variant, however attenuated, of *Bailey* v. *Patterson,* 369 U. S. 31 (1962), and the District Court thought itself empowered to act since the "decision could not possibly go in any manner save one." [9]

But the prediction proved to be ill-founded; subsequently, the Court of Appeals decision in *Avrech* was reversed by this Court. *Secretary of the Navy* v. *Avrech,* 418 U. S. 676 (1974). In consequence of this, appellee DeChamplain argued in his motion to dismiss and brief to this Court that the question of Art. 134's constitutionality *was* substantial and thus a three-judge court was required. Moreover, if this is so, appellee urges, this Court has no jurisdiction of the appeal, and the appeal must be dismissed.[10]

Appellee bases this argument on our decisions concerning appellate jurisdiction under 28 U. S. C. § 1253. That section allows a direct appeal to this Court "from an order granting or denying . . . an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges." On its face, this provision would seem to allow a direct appeal to this Court if a single district judge grants or denies an injunction, when under 28 U. S. C. § 2281 or § 2282 the case was "required . . . to be heard and determined" by a three-judge court. This Court has read the statute, however, as allowing direct appeals only from

---

[9] *Utica Mutual Insurance Co.* v. *Vincent,* 375 F. 2d 129, 131 n. 1 (CA2) (Friendly, J.), cert. denied, 389 U. S. 839 (1967). Our description of appellee's argument, of course, does not intimate any approval of the radical expansion of *Bailey* that it appears to represent.

[10] There is no question that our appellate jurisdiction as to the access issue depends entirely on whether an appeal properly lies as to the Art. 134 issue.

"orders actually entered by three-judge courts." *Gonzalez* v. *Automatic Employees Credit Union, supra,* at 96 n. 14. See *Stratton* v. *St. Louis S. W. R. Co.,* 282 U. S. 10, 15–16 (1930). And we have held that, when a single district judge fails to call for the convention of a three-judge court and goes on to dispose of the case, an appeal lies only to the court of appeals. *Idlewild Bon Voyage Liquor Corp.* v. *Epstein, supra; Hicks* v. *Pleasure House, Inc.,* 404 U. S. 1, 3 (1971).

Appellants here, however, premise this Court's jurisdiction on 28 U. S. C. § 1252, rather than § 1253. Section 1252 provides in pertinent part:

> "Any party may appeal to the Supreme Court from an interlocutory or final judgment, decree or order of any court of the United States . . . holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party."

The requisites of this provision are met in this case. This is a civil action; the appellant military authorities are, of course, officers of the United States, acting in their official capacities; and Art. 134 is an "Act of Congress." It might be argued that, in deciding to issue the preliminary injunction, the District Court made only an interlocutory determination of appellee's probability of success on the merits and did not finally "hold" the article unconstitutional. By its terms, however, § 1252 applies to interlocutory as well as final judgments, decrees, and orders, and this Court previously has found the section properly invoked when the court below has made only an interlocutory determination of unconstitutionality, at least if, as here, that determination forms the necessary predicate to the grant or denial of preliminary equitable relief. *Fleming* v. *Rhodes,* 331 U. S. 100 (1947). In

this case, as in *United States* v. *Raines,* 362 U. S. 17, 20 (1960), it is clear that "the basis of the decision below in fact was that the Act of Congress was unconstitutional . . . ."

In his motion to dismiss, appellee argued that § 1252 should be subject to the limitations placed on direct appeals to this Court under § 1253. In other words, § 1252 should not be read as allowing a direct appeal from an injunctive order erroneously entered by a single district judge, and instead appeal should be allowed only when the district court acted within its jurisdiction.[11] Such a gloss on § 1252 perhaps would be "consonant with the overriding policy, historically encouraged by Congress, of minimizing the mandatory docket of this Court . . . ." *Gonzalez* v. *Automatic Employees Credit Union, supra,* at 98. We think, however, that in § 1252 Congress unambiguously mandated an exception to this policy in the narrow circumstances that the section identifies. The language of the statute sufficiently demonstrates its purpose: to afford immediate review in this Court in civil actions to which the United States or its officers are parties and thus will be bound by a holding of unconstitutionality. The purpose of § 1252 is too plain to allow circumvention, whatever doubts may be entertained about the wisdom of mandatory direct review in other circumstances. Our previous cases have recognized that this Court's jurisdiction under § 1252 in no way depends on whether the district court had jurisdiction. On the contrary, an appeal under § 1252 brings before us, not only the constitutional question, but the whole case, *e. g., United States* v. *Raines, supra,* at 27 n. 7; see 9 J. Moore, Federal Practice ¶ 110.03 [5],

---

[11] Appellee's counsel vigorously argued this position in both his motion to dismiss and brief. At oral argument before this Court, however, counsel receded from this position and now agrees that the appeal properly was taken under § 1252. Tr. of Oral Arg. 17.

p. 96 (2d ed. 1973), including threshold issues of subject-matter jurisdiction, *United States* v. *American Friends Service Committee,* 419 U. S. 7, 12 n. 7 (1974), and whether a three-judge court was required, *Flemming* v. *Nestor,* 363 U. S. 603 (1960).[12]  We follow these cases and hold that, whether the District Court did or did not have jurisdiction to act, this case is properly here under § 1252.

### III

Proper disposition of the case does not require extended discussion.  Appellants argue that, in fact, DeChamplain's constitutional claim was always insubstantial. The Courts of Appeals decisions in *Levy* v. *Parker* and *Avrech* v. *Secretary of the Navy,* which concluded that Art. 134 suffered from unconstitutional vagueness, concerned only the first two clauses of that article making punishable "all disorders and neglects to the prejudice of good order and discipline in the armed forces" and "all conduct of a nature to bring discredit upon the armed forces."  DeChamplain, however, was charged under the assimilative crimes clause of the article, and was accused of having committed specific federal offenses.  Thus, any possible vagueness in other parts of the article could not have affected DeChamplain.  At this point, however, no purpose could be served by our deciding whether, when the complaint was filed, DeChamplain's constitutional claim was or was not substantial.  Under our decisions in *Levy* and *Avrech,* DeChamplain's claim is, as he concedes,[13] clearly insubstantial now and must be dismissed.[14]

---

[12] As *Nestor* makes clear, if we were to conclude that § 2282 required a three-judge court, the proper course would be to vacate the judgment below and remand with directions that a three-judge court be convened.  363 U. S., at 606–607.

[13] Brief for Appellee 21.

[14] Because of this disposition of the matter, there is no occasion here to decide whether, if the unconstitutionality of Art. 134 had

We turn, finally, to the portion of the preliminary injunction requiring the military authorities to allow unlimited access to the original court-martial record and to documents that will be at issue at DeChamplain's court-martial. Since this claim is independent of the Art. 134 question and unrelated to the validity and interpretation of that article or to any other Act of Congress, a three-judge court was not required to hear it. As to this claim, however, the only harm DeChamplain claimed in support of his prayer for equitable relief was that, if convicted, he might remain incarcerated pending review within the military system. Thus, according to DeChamplain, intervention is justified now to ensure that he receives a trial free of constitutional error, and to avoid the possibility that he will be incarcerated, pending review, on the basis of a conviction that inevitably will be invalid. But if such harm were deemed sufficient to warrant equitable interference into pending court-martial proceedings, any constitutional ruling at the court-martial presumably would be subject to immediate relitigation in federal district courts, resulting in disruption to the court-martial and circumvention of the military appellate system provided by Congress.

We hold that relief as to the access claim is precluded squarely by our holding in *Schlesinger* v. *Councilman,* 420 U. S., at 758, that "when a serviceman charged with crimes by military authorities can show no harm other than that attendant to resolution of his case in the military court system, the federal district courts must refrain from intervention . . . ." The "unlimited access" aspect

---

been established conclusively, as the District Court apparently believed, that would have justified an exception to the rule generally barring federal-court intervention into pending court-martial proceedings. Cf. *Younger* v. *Harris,* 401 U. S. 37, 53–54 (1971).

of DeChamplain's suit therefore must be dismissed for failure to state a claim upon which relief can be granted.

*Vacated and remanded.*

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL join, concurring in the judgment.

Although I concur in the judgment, I would direct dismissal of DeChamplain's suit, not as the Court does on the ground that "the federal district courts must refrain from intervention," but because DeChamplain makes no claim denying the right of the military to try him at all. Therefore, his claim of right of access to and use of classified documents is properly to be presented to the military tribunals. See my concurring and dissenting opinion in *Schlesinger* v. *Councilman,* 420 U. S. 738, 762 (1975).