**AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, etc., et al., Plaintiffs,**

v.

**Nolan B. JONES, personally and as Director, Department of Personnel, State of Illinois, Defendant.**

**No. 74 C 94.**

United States District Court, N. D. Illinois, E. D.

July 2, 1975.

Barbara J. Hillman, Chicago, Ill., for plaintiffs.

Asst. Atty. Gen. William L. Perlman, Chicago, Ill., for defendant.

Before CUMMINGS, Circuit Judge, and PARSONS and McMILLEN, District Judges.

### DECISION

Plaintiffs are certified civil service employees of four different State of Illinois institutions and have filed a complaint alleging that they have been laid off without due process. They complain that the ultimate review of the propriety of their layoffs is made by the defendant who had authorized the layoffs originally. Without citing Illinois Department of Personnel Rule 2–596,

plaintiffs contest the validity of the review procedure contained therein. The Rule, which has the effect of law in Illinois, provides:

LAID OFF CERTIFIED EMPLOYEE: Within 15 days of receipt of notice of a certified employee's layoff, such employee may directly petition the Director of Personnel in writing for reconsideration of his decision approving the layoff. In the event a request for reconsideration is made the Director shall again review and investigate the application of these rules and the validity of the layoff. Notice of the final decision of the Director shall ·be served on the employee in person or by registered mail.

Defendant has filed an answer to the Amended Complaint, followed by a motion for summary judgment. Since plaintiffs seek an injunction against the implementation of Rule 2–596 and a declaration that the review provisions of the Illinois Personnel Code are unconstitutional, a three-judge court has been convened. We have considered the memoranda of the parties and have heard oral argument. On the basis of all the pleadings, we find that no genuine issue of material fact exists and that judgment should be entered in favor of the defendant.

Before discussing the merits, we have determined that this is a proper class action under F.R.Civ.P. 23(b)(2). No objection has been raised to this feature of the Amended Complaint, but the class has been reduced to those employees who have actually been laid off. The single judge dismissed the complaint as to any pre-layoff remedy, thus eliminating plaintiffs who had merely been notified of an impending layoff.

The Illinois statute and regulations of the Director of Personnel make it clear that the State's layoff procedure is multi-tiered and formalized. See *Cordes v. Isaacs*, 27 Ill.2d 383, 189 N.E.2d 236 (1963); *Illinois Personnel Code*, Ch. 127, § 63b101 et seq. (1955). The initial decision to lay off is made by the head of

the particular department or agency involved (Dept. of Personnel Rule 2–560). Section 63b108b.13 of the Personnel Code (1973 *Ill.Rev.Stat.*, Ch. 127) specifies the grounds and conditions for layoffs. Rule 2–560 of the Department of Personnel provides that the defendant, who heads a different department from those of the plaintiffs, must approve or disapprove the recommendation upon submission of a list of those employees to be affected. Within 15 days of notice of layoff, an affected employee may seek reconsideration by the defendant who must then review and investigate the layoff to see that it comports with the statute and the rules, pursuant to Rule 2–596, *supra*. He will not review an employee's request for reconsideration of notice prior to actual layoff, however.·

The Civil Service Commission also has jurisdiction to review any layoff which an employee claims to be a subterfuge for discharge, under Rule XII of the Illinois Civil Service Commission. The State has waived immunity for a suit for reinstatement and back pay, regardless of who orders reinstatement. *Cordes v. Isaacs*, supra.

■■ Plaintiffs assert that, because defendant approves the layoff, he cannot afford an impartial review to an employee who wishes to contest its propriety. In short, they insist that due process requires ·completely independent review. The due process clause does not carry this far, however. The Supreme Court has recently reaffirmed the principle that investigative and adjudicative functions can be combined in one agency without necessarily violating the constitutional requirement of due process. *Withrow et al. v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975). This combination is substantially what occurs in the defendant's functions in the case at bar, with the added dimension that he is reviewing the recommendation made by a different department or agency than his own.

A review within the school system was held sufficient in *Shirck v. Thomas et al.*, 447 F.2d 1025, 1027 (7th Cir. 1971). This decision was remanded for further consideration on the ground that no hearing need be granted a non-tenured teacher who is not re-hired at the end of his term. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). And an entirely internal system of determining and reviewing layoffs of tenured teachers in a state university system was upheld in *Johnson v. Board of Regents of University of Wisconsin System et al.*, 377 F.Supp. 227 at 240 (W.D.Wis.1974). On the other hand, no case has been cited which requires that a tenured teacher or a certified civil service employee be afforded access to an independent arbiter or outside tribunal merely on the fear that the in-house reviewing officer is unwilling to perform his duty. See *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941) and the cases cited in *Withrow v. Larkin*, 421 U.S. at 50, 95 S.Ct. at p. 1466, and f. n. 16.

Plaintiffs' argument also ignores the fact that the initial impetus for a layoff comes from the employing unit, not the defendant. He acquires no disqualifying stake in the matter by virtue of this approval and must afford an aggrieved employee an individualized review upon request. We see no reason why he is necessarily unable to do this impartially and objectively, under the facts and circumstances of this case. In fact, defendant's post-hearing affidavit shows that the Director of Personnel or his designee has held 478 reconsideration hearings since Rule 2–596 became effective on October 1, 1972 and that reinstatement with partial or full back pay was ordered in 48 cases.

The Illinois Supreme Court has specifically approved the absence of pre-layoff hearings in *Powell v. Jones*, 56 Ill.2d 70, 305 N.E.2d 166 (1973). The foregoing decision foreshadows the result to be reached herein, and we accord great weight to a State's review of its own due process procedures. See also *Perry et al. v. Sindermann*, 408 U.S. 593, 603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Arnett, Director, O.E.O. et al. v. Kennedy et al.*, 416 U.S. 134, 163, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

Finally, those layoffs which are reviewable by the Civil Service Commission or in the Illinois Court of Claims clearly satisfy the requirement of the Fourteenth Amendment and plaintiffs do not seriously contest them. Any further relief must be obtained from the Legislature or by collective bargaining.

In addition, we agree with the conclusion reached by the single judge at an earlier stage of this case, to the effect that, under the conclusory allegations of the Amended Complaint, a pre-layoff hearing for each employee is not a requisite of due process and would impose an impermissible burden on the State's rights to manage its own financial affairs. *Arnett, Director, O.E.O. et al. v. Kennedy et al.*, supra. Even if this may have been a matter to be decided by a three judge court, we see no need for any further proceedings. Cf. *McLucas v. DeChamplain*, 421 U.S. 21, 95 S.Ct. 1365, 43 L.Ed.2d 699 (1975). In balancing the interests of the employee and the State, due process does not require that each individual employee be given the opportunity to challenge a State's fiscal and policy decisions in a pre-layoff hearing. If the complaint had alleged the wrongful inclusion of a plaintiff on the layoff list by reason of some factual error, such as the erroneous computation of a seniority rating, due process might require a pre-layoff hearing. However, the employees here did not allege any such defect in the layoff procedure. Rather they assert the absolute right of each employee to challenge the State's decision to make layoffs in general and to bring this challenge before the layoffs become effective.

Our decision in this case is based partly on an examination of Department

of Personnel rules which are not formally in the record, although they have been set forth in the defendant's memorandum and are not disputed by the plaintiffs. Since this may be appealed, however, the defendant should file certified copies of the pertinent rules in accordance with F.R.C.P. 44 within ten days hereof.

It is therefore ordered, adjudged and decreed that summary judgment be and it is entered in favor of the defendant.