**UNITED STATES of America**

v.

**Paul ANDREWS.**

**Crim. No. B–92.**

United States District Court,
D. Connecticut.

May 18, 1976.

---

Paul E. Coffey, Sp. Atty., U. S. Justice Dept., Hartford, Conn., for plaintiff.

Jacob D. Zeldes, Elaine S. Amendola, Zeldes, Needle & Cooper, Bridgeport, Conn., for defendant.

## RULING ON MOTION FOR JUDGMENT OF ACQUITTAL

ZAMPANO, District Judge.

In this action, the defendant was indicted and convicted of two counts of perjury as a result of his testimony before a grand jury in which he denied engaging in bookmaking activity in violation of 18 U.S.C. § 1623.

Prior to and during the trial, the defendant vigorously moved to suppress the alleged perjurious statements on the ground that his testimony was not preceded by adequate warnings under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Since it was undisputed that he was a target of the grand jury's investigation, the defendant argued that he should have been afforded a full recitation of his constitutional rights in order to insure that his testimony was given voluntarily, knowingly and intelligently. Cf. *United States v. Mandujano*, 496 F.2d 1050 (5 Cir. 1974), cert. granted, 420 U.S. 989, 95 S.Ct. 1422, 43 L.Ed.2d 699 (1975).

In an earlier ruling on defendant's motion to suppress the perjurious testimony, see 370 F.Supp. 365, this Court stated in part:

> . . . it is difficult to understand why a prosecutor, in the interests of fairness and to avoid a challenge to the proceedings, would fail to give *Miranda* warnings to a witness in Andrews' position. Cf. *United States v. Scully*, 225 F.2d 113, 116 (2 Cir. 1955). In the Court's opinion, the full panoply of constitutional rights should be afforded any person who is compelled to appear before a grand jury if by his testimony he will expose himself to highly incriminating admissions. Id. at 371.

However, because this Court believed that the issue was controlled by the decision of the Second Circuit in *United States v. Winter*, 348 F.2d 204, 208 (2 Cir.), cert. denied, 382 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360 (1965), the defendant's motion was denied. Id.

This Court now recognizes that, in the light of the principles enunciated by the Court of Appeals in *United States v. Jacobs*, 531 F.2d 87 (2 Cir. 1976), its reliance on the *Winter* rationale must be reconsidered. See also *United States v. Bonacorsa*, 528 F.2d 1218 (2 Cir. 1976). In *Jacobs*, the Second Circuit, pursuant to its supervisory power, affirmed the dismissal of a perjury indictment where a putative defendant before a grand jury was not informed that she was a potential defendant and had the right to remain silent, contrary to the usual practice when a target of the investigation is summoned to appear to testify in a grand jury proceeding. In the instant case, the foreman of the grand jury testified that due to an "oversight" the defendant was not given the warnings usually stated to witnesses who appeared before the grand jury. Under these circumstances, the reasoning in

*Jacobs* clearly supports the defendant's motion for post-conviction relief.

Accordingly, the defendant's motion for a judgment of acquittal is granted.