Richard J. SISSON and Mildred Sisson, husband and wife, Plaintiffs-Appellants,

v.

UNITED STATES of America; Casper Weinberger, Secretary of Defense; Verne Orr, Secretary of the Air Force; George Bernert, Colonel, USAF, Commander 41st Electronic Combat Squadron (TAC), Defendants-Appellees.

No. 83–2000.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1983.

Decided April 6, 1984.

As Amended on Denial of Rehearing July 3, 1984.

Scott L. Taylor, Tucson, Ariz., for plaintiffs-appellants.

James D. Whitney, Asst. U.S. Atty., Tuscon, Ariz., for defendants-appellees.

Before MERRILL, Senior Circuit Judge, BOOCHEVER, Circuit Judge, and WYZANSKI *, Senior District Judge.

WYZANSKI, Senior District Judge.

The only question presented by appellants to which this opinion needs to address itself is whether the District Court for the District of Arizona erred in dismissing the complaint on the ground, *inter alia*, that the plaintiff-appellants had failed to exhaust their administrative remedies before the Military Court.

Because of the narrowness of the critical issue, we abbreviate the statement of facts.

The plaintiffs, Richard Sisson, an Air Force master sergeant serving on active duty, and his wife, brought this action for declaratory and injunctive relief from enforcement of Air Force Regulation 30–30, paragraph 3(d) which prohibits personal commercial solicitations or sales to servicemen who are junior in rank or grade. Based upon a complaint by one of Sisson's subordinates, Sisson's commanding officer directed an investigation into Sisson's activities as an Amway distributor.[1] The investigating officer concluded that Sisson violated the regulation by soliciting and selling Amway products to military personnel who were junior in grade to himself. Sisson was informed that he could either accept punishment under a nonjudicial disciplinary procedure or submit to a court-martial proceeding. 10 U.S.C. § 815 (article 15).[2] He chose the latter.

At the time the district court issued its order dismissing the complaint for failure to exhaust available military remedies, the court-martial had not been convened. The failure to exhaust applied to Sisson's failure to continue through the military court system before requesting relief from the district court. By the time we heard the appeal the court-martial had convicted and sentenced Sisson to a reprimand and a forfeiture of $700 of his pay each month for four months. That sentence was approved by the convening authority, *see* 10 U.S.C. §§ 860, 864, and ordered into execution. *See* 10 U.S.C. § 871(d). Sisson has not sought review of that decision despite its availability under 10 U.S.C. § 869 (article 69).[3]

---

* Honorable Charles Edward Wyzanski, Jr., United States District Judge, District of Massachusetts, sitting by designation.

1. The investigation concerned only Richard Sisson's activities as an Amway distributor. It in no way implicated any commercial activities on the part of Mildred Sisson.

2. 10 U.S.C. § 815 (article 15) provides in pertinent part:

     Commanding officer's non-judicial punishment—(a) ... punishment may not be imposed upon any member of the armed forces under this article if the member has, before the imposition of such punishment, demand-

ed trial by court-martial in lieu of such punishment.

3. 10 U.S.C. § 869 (article 69) provides:

     Every record of trial by general court-martial, in which there has been a finding of guilty and a sentence, the appellate review of which is not otherwise provided for by section 866 of this title (article 66), shall be examined in the office of the Judge Advocate General. If any part of the findings or sentence is found unsupported in law, or if the Judge Advocate General so directs, the record shall be reviewed by a board of review in accordance with section 866 of this title (article 66), but in

 That the court-martial convened and issued a decision during the pendency of this appeal does not moot the issue. Read broadly, the complaint requests that the military be enjoined from enforcing the regulation. At the time of the complaint the injunction would have applied to the impending court-martial. Now the requested injunction applies to enforcement of the court-martial's decision. At both junctures, Sisson failed to exhaust his administrative remedies. The question presented before and after the court-martial is identical: whether Sisson has shown some harm greater than that "attendant to resolution of his case in the military court system" to justify the court's intervention into that system. *See Schlesinger v. Councilman,* 420 U.S. 738, 758, 95 S.Ct. 1300, 1313, 43 L.Ed.2d 591 (1975).

 We believe that the District Court was sound in dismissing the complaint. *Id.* Sisson failed to pursue his available military judicial remedies before calling on the civilian courts to act. The military judicial system allows him to request a formal court-martial and to request review of that proceeding. The record is devoid of any showing of the requisite irreparable harm that would justify his failure to exhaust that process before seeking review in the civilian courts. Mere allegations of constitutional infringements will not sustain a civilian court's intervention into military prosecutions for violations of military regulations. *McLucas v. DeChamplain,* 421 U.S. 21, 33, 95 S.Ct. 1365, 1372, 43 L.Ed.2d 699 (1975).

Whatever may be Mrs. Sisson's rights, they are derivative from her relationship to her husband, and inasmuch as his complaint is not ripe for adjudication by a United States District Court her rights, if any, are also not ripe.

*Affirmed.*

that event there may be no further review by the Court of Military Appeals except under

section 867(b)(2) of this title (article 67(b)(2)).