**Lester BLACK, Plaintiff,**

v.

**William CLOOSE, John R. Leitner, and Robert S. Graff, Defendants.**

Civ. No. 5–84–238.

United States District Court,
D. Minnesota,
Fifth Division.

Nov. 28, 1984.

Lester Black, Grand Rapids, Minn., pro se.

Erica Jacobson, Sp. Asst. Atty. Gen., St. Paul, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Lester Black brought this action pro se for injunctive relief and compensatory and punitive damages against defendants William Cloose, John R. Leitner, and Robert S. Graff. He alleges that he was wrongfully arrested and deprived of his rights to travel and due process by being stopped and issued a traffic ticket for driving after the suspension of his driver's license. Jurisdiction is alleged under 42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. §§ 241, 242, 872, 1621, 1622, 1623; 28 U.S.C. §§ 1331, 1332, 1343 and amendments I, IV, V, VIII, IX, and XIV to the United States Constitution. The matter is now before the court upon defendant's motion to dismiss or, alternatively, for summary judgment,[1] and plaintiff's motions to dismiss defendants' motion and for default judgment.

## BACKGROUND

Plaintiff is a resident of Grand Rapids, Minnesota. Defendant William Cloose is employed by the Minnesota Department of Public Safety as a highway patrol officer. Defendant Leitner serves as the prosecuting attorney for Aitkin County, Minnesota. Defendant Graff is a judge of Aitkin County Court.

This case arises out of incidents related to driving. The facts are essentially uncontested. Plaintiff has been stopped for speeding three times in the past five years. Although this action stems mainly from the last highway stop, defendants also had con-

---

**1.** Since matters outside the pleadings have been submitted and considered, defendants' motion should be treated as one of summary judgment. *See* Fed.R.Civ.P. 12(b)(6).

tact with plaintiff concerning the first two speeding citations.

On September 28, 1979, defendant Cloose stopped Black for speeding. Black refused to turn over his driver's license or to accompany Cloose to his patrol car. Cloose then attempted to remove Black's car keys from the ignition. Black grabbed Cloose's hand, and Cloose unsuccessfully tried to pull Black from his car. After this skirmish, Black gave Cloose his driver's license and was issued a citation.

Black was charged with the petty misdemeanor offense of speeding, and defendant Leitner was to prosecute for the State of Minnesota. The day of the trial, Black filed a third party complaint against Cloose, Leitner, the Honorable Darrell Sears, the presiding judge, and the then governor of Minnesota, Albert Quie, alleging that each had conspired with Cloose, aiding and abetting a physical assault on plaintiff. This complaint was dismissed by the Honorable Clinton Wyant, Minnesota District Court Judge, in an order dated February 26, 1980.

Black received another speeding ticket on December 5, 1982. A trial was scheduled before defendant Judge Graff; defendant Leitner was again prosecuting the petty misdemeanor. Black did not appear at the trial, nor did he pay the fine, and his driver's license was suspended pursuant to *Minn.Stat.* § 171.16.

On April 18, 1984, defendant Cloose stopped Black for speeding again and asked for his driver's license. Black replied that it had been rescinded. Cloose issued a warning for speeding and later that day, after checking the computer, he mailed Black a ticket for allegedly driving after the suspension of his driver's license. A trial was scheduled before Judge Graff. Defendant Leitner was to prosecute. Before trial, plaintiff filed the instant lawsuit. Judge Graff then disqualified himself from presiding over the license suspension case which is still pending.

In his complaint, plaintiff contends that a private individual has an inherent right to travel upon public highways without being forced to obtain a driver's license or to submit to regulatory restrictions like the Motor Vehicle Code. He charges therefore that the stop by defendant Cloose was a false arrest, that the traffic citation proceedings were without merit, and that all defendants have colluded in violating his civil rights.

The office of the Minnesota Attorney General responded on behalf of the defendants and brought the motion to dismiss. They argue that plaintiff's federal claims are so insubstantial that the court lacks subject matter jurisdiction. Plaintiff moved to dismiss their motion and for default judgment. He contends that the State of Minnesota is not a party to this lawsuit and that defendants' motion papers shall therefore not be considered. Since defendants have not answered individually, Black asserts that a default judgment is appropriate. Plaintiff also argues that his claims must be brought before a jury.

## DISCUSSION

■ The state is not a party to this lawsuit, but the Attorney General has authority to represent certain public officials. The federal rules permit motions to dismiss, and under Fed.R.Civ.P. 12(b)(6) and 56 defendants have the right to respond to plaintiff's complaint by such a motion. They have appeared within the rules and have not defaulted. There is therefore no basis for a default judgment. The rules also provide a procedure for resolving a matter short of trial when there is no genuine issue of material fact. Plaintiff has no right to take his case to a jury if defendants can show that they are entitled to judgment as a matter of law. *See* Fed.R. Civ.P. 56.

In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits. *Ralph's Distributing Co. v. AMF, Inc.*, 667 F.2d 670 (8th Cir.1981); *Vette Co. v. Aetna*

*Casualty & Surety Co.*, 612 F.2d 1076 (8th Cir.1980). Even construing the facts in a light most favorable to plaintiff, Black has not made allegations which would entitle him to pursue a claim for damages against these defendants.

■ Plaintiff's claim against Judge Graff is barred because of judicial immunity. Absolute judicial immunity applies when the challenged action is 1) a judicial act which is 2) performed under circumstances in which there is not "a clear absence of all jurisdiction over the subject matter." *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 352, 20 L.Ed. 646. By presiding at Black's trial, Graff was performing a judicial act, and the county court clearly had jurisdiction to hear the charges.

■ Similarly, a prosecutor is accorded absolute immunity for all activities which are an integral part of the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). All of defendant Leitner's contacts with Black arose from initiating a prosecution and presenting the state's case and are therefore protected.

■ Defendant Cloose is entitled to a qualified immunity if his actions were within the scope of his official duties and did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The essence of Black's damage claims against Cloose are that the trooper violated several of his civil rights by giving him a ticket for driving after his license had been suspended. However, *Minn.Stat.* §§ 171.20 subd. 2 and 171.24 prohibit the operation of a motor vehicle after the driver's license has been suspended. Cloose had a duty to enforce those laws under *Minn.Stat.* § 299D.03, subd. 1. As a matter of law, therefore, Cloose is entitled to immunity from civil liability.

■ Since Black has not alleged facts which would overcome the application of these immunities, his federal claim for damages is not substantial enough to invoke this court's subject matter jurisdiction and may, therefore, be dismissed. *See McLucas v. DeChamplain*, 421 U.S. 21, 95 S.Ct. 1365, 43 L.Ed.2d 699 (1975); *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

■ Plaintiff's allegations are also insufficient to provide jurisdiction for injunctive relief. Because there is no indication that Black is likely to suffer substantial and immediate irreparable injury, or that he is likely to be stopped again for a traffic violation, the case or controversy requirements of Article III of the United States Constitution are not satisfied. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *O'Shea v. Littleton*, 414 U.S. 488, 489, 94 S.Ct. 669, 672, 38 L.Ed.2d 674 (1974). The complaint should therefore be dismissed for lack of subject matter jurisdiction.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motions to dismiss defendants' motion to dismiss and for default judgment are denied.

2. The motion of the defendants for summary judgment is granted, and plaintiff's complaint is dismissed with prejudice.