08-4323-cv
Loeber v. Spargo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of August, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges.*

_____

Ronald G. Loeber, *et al.*,

> *Plaintiffs*,

H. William Van Allen, Christopher Earl Strunk, John-Joseph Forjone,

> *Plaintiffs-Appellants*,

> v.                                                                08-4323-cv

Thomas J. Spargo, individually and as Justice of the
NYS Supreme Court, *et al.*,

> *Defendants-Appellees.*

_____

Christopher Earl Strunk, *pro se*, Brooklyn, NY, *for Plaintiff-Appellant Strunk*.

H. William Van Allen, *pro se*, Hurley, NY, *for Plaintiff-Appellant Van Allen*.

John-Joseph Forjone, *pro se*, Clarendon, NY, *for Plaintiff-Appellant Forjone*.

Andrew Cuomo, Attorney General of the State of New York; Denise A. Hartman, Assistant Solicitor General; Andrew B. Ayers, Assistant Solicitor General, Albany, NY, *for State Defendants-Appellees*.

Christopher C. Wang, Attorney; Mark L. Gross, Attorney; Thomas E. Perez, Assistant Attorney General; United States Department of Justice, Civil Rights Division, Washington, DC, *for Federal Defendants-Appellees*.

Fay Ng, Assistant Corporation Counsel; Michael A. Cardozo, Corporation Counsel; The City of New York, Law Department, New York, NY, *for City Defendants-Appellees*.

Todd D. Valentine, State of New York Board of Elections, Albany, NY, *for Defendants-Appellees New York State Board of Elections and Kosinski*.

No appearance, *for Defendants-Appellees National Association of Secretaries of State and Ostego County Board of Elections*. *See* Fed. R. App. P. 31(c).

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiffs-Appellants Strunk, Forjone, and Van Allen, proceeding *pro se*, appeal the district court's judgment dismissing their amended complaint alleging that a 2002 plan reapportioning and redistricting New York State's legislative districts was unconstitutional under the constitutions of the United States and New York State. Strunk also appeals from the district court's post-judgment order denying his motion for reconsideration of the underlying July 2008 dismissal order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff[s'] favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

As an initial matter, because Appellants' opening brief fails to challenge the district court's January 2008 dismissal of their claims based on the False Claims Act and the Help America Vote Act, they have waived any such challenge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."). Additionally, because Appellants' opening brief does not challenge the January 2008 dismissal of their claims against any defendants other than the State Defendants, they have similarly waived any such challenge. *See Losacco*, 71 F.3d at 92-93.

Appellants argue that the district court erred by adjudicating their amended complaint as a single judge, instead of having it adjudicated by a three-judge panel pursuant to 28 U.S.C. § 2284. Section 2284 provides that "[a] district court of three judges *shall* be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a) (emphasis added). Although section § 2284 is jurisdictional, "it has long been held that a single judge may dismiss a claim that must normally be heard by a three-judge court if it is 'insubstantial.'" *Kalson v. Paterson*, 542 F.3d 281, 287 (2d Cir. 2008) (citing *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975)). "An insubstantial federal claim is not a claim validly brought under *federal* law." *Id.* (emphasis in original). The Supreme Court has described an insubstantial claim as one "'obviously without merit or clearly concluded by [the Supreme Court's] previous decisions.'" *Id.* at 288 (quoting *McLucas*, 421 U.S. at 28). We conclude that the claims were insubstantial, and, thus, the district court properly dismissed the amended complaint without transferring it to a three-judge panel. The claims in the amended complaint were barely comprehensible, and the only portions of the claims that could be intelligibly discerned from it were alleged violations of the New York State Constitution, not federal law. *See McLucas*, 421 U.S. at 28; *Kalson*, 542 F.3d at 287.

We further conclude that the district court properly dismissed the amended complaint. An independent review of the amended complaint confirms that it did not present any discernable federal constitutional claim related to reapportionment. While Appellants clearly invoked their federal constitutional rights to equal protection and substantive due process, it is difficult to discern the theory connecting that invocation to their claim that the 2002 redistricting should have been limited to the "citizen voting age population," rather than the "voting age population." Additionally, the amended complaint did not make clear how Appellants were injured by the State Defendants' actions, but appeared to imply that their votes were diluted by the inclusion of aliens for the purposes of apportionment. In any event, the claim rests on the false assumption that the New York State Constitution requires that apportionment of the state assembly and senate be based upon "inhabitants, excluding aliens." That phrase still exists in the text of Art. 3, §§ 4 (for apportionment of senate seats) and 5 (for apportionment of assembly seats), but Art. 3, § 5-a was subsequently amended to provide that "[f]or the purpose of apportioning senate and assembly districts pursuant to the foregoing provisions of this article,

3

the term 'inhabitants, excluding aliens' shall mean the whole number of persons." N.Y. Const. Art. 3, § 5-a. Thus, the claim failed to plausibly state a claim upon which relief may be granted, and the district court properly dismissed it.

Appellants' other principal claim stemmed from their contention that the 2002 redistricting plan's provision of 26 senators to New York City violated the New York State Constitution requirements that "[n]o county shall have more than one-third of all the senators" and "no two counties . . . which are adjoining counties . . . shall have more than one-half of all the senators.'" N.Y. Const. Art. 3, § 4. As the district court correctly noted, Appellants' argument erroneously assumed that New York City was a single county. In their brief, Appellants acknowledge that New York City is more than a single county, but they argue that New York City's five counties are counties in name only and that, in essence, they operate as a single entity. Even if these claims were true, the argument still fails because the relevant requirements of Art. 3, § 4 speak only of counties, not "entities," de facto counties, or anything else. Thus, the claim was properly dismissed.

Finally, we review for abuse of discretion a district court's order denying a Rule 60(b) motion for reconsideration. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted). Relief pursuant to Rule 60(b) is available only in "exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

After an independent review of the record, we conclude that the district court did not abuse its discretion in denying Strunk's reconsideration motion, and we agree with the district court that the motion sought solely to relitigate issues that had already been decided. We also reject Strunk's arguments that the district court judge erred by failing to recuse himself and answer certain questions about purported bias that Strunk posed in the reconsideration motion. Section 455 of Title 28, United States Code, provides in relevant part that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The relevant question is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned" *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (internal quotation marks omitted). However, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion," and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, we conclude that Strunk failed to show that the district court's "impartiality could reasonably be questioned." *Amico*, 486 F.3d at 775. Furthermore, nothing in the record indicates that the district court acted partially or "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

4

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk