10-822-cv
Forjone v. The State of California

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand eleven.

PRESENT:
>ROSEMARY S. POOLER,
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*.

———————————————————————

John-Joseph Forjone, *et al*.,

>*Plaintiffs-Appellants*,

Wayne Mack, *et al*.,

>*Plaintiffs*,

>>v.                                        10-822-cv

The State of California, *et al*.,

>*Defendants-Appellees*,

———————————————————————

FOR APPELLANTS:    Christopher Earl Strunk, *pro se*, Brooklyn, NY; John-Joseph Forjone, *pro se*, Lake Luzerne, NY, *on the brief*.

FOR APPELLEES:    Jeremy A. Colby, Michael P. McClaren, Webster Szanyi LLP, Buffalo, NY. *for New York State Board of Elections and Counties of Erie, Orleans, Genesse, Wyoming, Allegany, Chatauqua, Cattaraugus, Cayuga, Chemung, Oneida, Tioga, Schuyler, Steuben, Livingston, Yates, Seneca, Oswego, Madison, Herkimer, Otsego, St. Lawrence, Franklin, Clinton, Essex, Montgomery, Warren, Saratoga, Washington, Ulster, Delaware, Putnam and Fulton.*

Thomas G. Gardiner, Sr. Assistant County Attorney, and James Castro-Blanco, Chief Deputy County Attorney, *for* Robert F. Meehan, Westchester County Attorney, White Plains, NY., *for Westchester County and Westchester County Board of Elections*.

Christopher C. Wang and Mark. L. Cross, Attorneys, Department of Justice, Civil Rights Division, Appellate Section, *for* Thomas E. Perez, Assistant Attorney General, Washington, D.C., *for the United States*.

Fay Ng, Assistant Corporation Counsel, *for* Michael A. Cardozo, Corporation Counsel, the City of New York Law Department, New York, NY, *for Marty Markowitz and the City of New York*.

Amanda J. Cochran-McCall, Assistant Attorney General, General Litigation Division, *for* Robert B. O'Keefe, Chief, General Litigation Division; David C. Mattax, Director of Defense Litigation; Bill Cobb, Deputy Attorney General for Civil Litigation; Daniel T. Hodge, First Assistant Attorney General; Greg Abbott, Attorney General of the State of Texas, Austin, TX., *for Texas*.

Stephen M. Sorrels, Feldman Kieffer, LLP, Buffalo, NY. *for County of Columbia.*

Denise A. Hartman and Andrew B. Ayers, Assistant Solicitors General, f Counsel, *for*, Barbara D. Underwood, Solicitor General; Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY., *for the Secretary of State of New York and the New York State Attorney General.*

2

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is **AFFIRMED**.

Appellants John-Joseph Forjone and Christopher Earl Strunk, proceeding *pro se*, appeal from the district court's judgment granting the defendants' motions to dismiss the complaint raising various claims related to the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973gg *et seq.*, and the Help America Vote Act ("HAVA"), 42 U.S.C. § 15301 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     Jurisdiction**

As a threshold matter, we lack jurisdiction over Strunk's appeal. A notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . ." Fed. R. App. P. 3(c)(1)(A). Forjone's timely notice of appeal was not filed on behalf of Strunk, as it did not reference Strunk or even "plaintiffs" more generally, and was signed by Forjone only. *See* Fed. R. App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer . . . unless the notice clearly indicates otherwise."). Additionally, the amended notice of appeal that was filed on behalf of Strunk was untimely, as it was filed over 60 days after entry of the judgment and over 14 days after Forjone's timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B) and 4(a)(3). The requirements set forth in Fed. R. App. P. 3 and 4 are jurisdictional in nature and may not be waived. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988). Strunk's appeal is therefore dismissed for lack of jurisdiction, leaving Forjone as the only remaining appellant.

## II.    The District Court's Venue Transfer Order

In his brief, Forjone challenges the order issued by the district court for the Western District of New York transferring the case to the district court for the Northern District of New York.  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989).  "That discretion will not be disturbed upon appeal without a clear showing of abuse." *Id*.

Here, the district court did not abuse its discretion in transferring the case to the Northern District of New York on the ground that a substantially similar case, *Loeber v. Spargo*, N.D.N.Y. No. 04-cv-1193 (N.D.N.Y. July 31, 2008) (E.C.F. No. 109), had been previously filed and was pending in that District.  As compared to the instant action, the action in *Loeber* was brought by several of the same plaintiffs against several of the same defendants and involved substantially similar claims.  Under these circumstances, the district court reasonably concluded that hearing the two actions in the same district would be more efficient and convenient for both the court and the parties, and would minimize the risk of reaching inconsistent results.

## III.    Decision By a Single Judge

Forjone also challenges the district court's decision not to hear the case before a three-judge panel, pursuant to 28 U.S.C. § 2284.  Under that section, "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."

4

28 U.S.C. § 2284. Although Section 2284 is jurisdictional, "it has long been held that a single judge may dismiss a claim that must normally be heard by a three judge court if it is 'insubstantial.'" *Kalson v. Paterson*, 542 F.3d 281, 287 (2d Cir. 2008) (collecting cases). The Supreme Court has described an "insubstantial" claim in this context as one "obviously without merit or clearly concluded by [the Supreme Court's] previous decisions." *McLucas v. De Champlain*, 421 U.S. 21, 28 (1975).

Here, although the district court did not explicitly deny the plaintiffs' request for a three-judge panel, we affirm the implicit denial of that request on the ground that the plaintiffs' claims were insubstantial. *See Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010) ("We may affirm the district court's decision on any ground appearing in the record."). To the limited extent that their claims were comprehensible, the plaintiffs appeared to object to the manner in which federal funds were distributed to states under HAVA. However, the plaintiffs have not identified any right of action that would entitle them to act on behalf of the federal government, the State of New York, or any other state in this context. *See Sandusky County Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004) ("HAVA does not itself create a private right of action."). Accordingly, the district court was not required to hear the case before a three-judge panel pursuant to 22 U.S.C. § 2284.

## IV. Decision Granting the Defendants' Motions to Dismiss

We review *de novo* a district court's dismissal of a complaint for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009). We review a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 8(a) for abuse of discretion. *See*

5

*Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). Having conducted an independent review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its well-reasoned decision. Forjone has abandoned any challenge to the district court's dispositive order by failing to raise such a challenge in his brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6